1  LONNIE D. GIAMELA, SBN 228435
   lgiamela@fisherphillips.com
2  SUZY E. LEE, SBN 271120
   slee@fisherphillips.com
3  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
4  Los Angeles, California 90071
   Telephone: (213) 330-4500
5  Facsimile: (213) 330-4501

6  Attorneys for Defendant
   VF OUTDOOR, LLC
7

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11

|  |  |
|---|---|
| 12 BRIANA VALENCIA, an individual, on behalf of all persons similarly situated on behalf of the State of California, as a private attorney general, and on behalf of all aggrieved employees, | Case No.: |
| | *[Originally filed in the Alameda County Superior Court, Case No. HG19032747]* |
| Plaintiff, | **DECLARATION OF SUZY E. LEE IN SUPPORT OF DEFENDANT VF OUTDOOR, LLC'S NOTICE OF REMOVAL OF ACTION** |
| v. | |
| VF OUTDOOR, LLC, a California limited liability company, and DOES 1 to 50, inclusive, | *[Filed concurrently with Civil Cover Sheet, Notice of and Petition For Removal, Declaration of Patricia Hughes, Declaration of Mark Townsend, Declaration of Billy Bonilla, Corporate Disclosure Statement and Certificate of Interested Parties]* |
| Defendants. | |
| | Complaint Filed:   August 27, 2019 |
| | Trial Date:        None set |

28

---

DECLARATION OF SUZY LEE IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

FP 36145886.1

## DECLARATION OF SUZY E. LEE

I, Suzy E. Lee, declare as follows:

1.    I am an attorney at law duly licensed I am an attorney at law duly licensed to practice before all courts in the State of California. I am an associate attorney with Fisher & Phillips LLP, counsel of record for Defendant VF Outdoor, LLC. In my capacity as counsel for VF Outdoor, I have reviewed the pleadings and documents in this case. Based on my personal knowledge, I assert the facts set forth herein, and if called as a witness I could and would competently testify thereto.

2.    A true and correct copy of Plaintiff Briana Valencia's Complaint against Defendant VF Outdoor filed in the Superior Court of the State of California, Alameda County, Case No. HG19032747 is attached hereto as **Exhibit A**.

3.    A true and correct copy of all other process, pleadings, and orders served on VF Outdoor, LLC is attached hereto as **Exhibit B**. No further pleadings have been filed and no further proceedings related thereto have been heard in Superior Court.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on October 28, 2019 at Los Angeles, California

SUZY E. LEE

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On October 28, 2019, I served the foregoing document entitled **DECLARATION OF SUZY E. LEE IN SUPPORT OF DEFENDANT VF OUTDOOR, LLC'S NOTICE OF REMOVAL OF ACTION** on all the appearing and/or interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Mark D. Potter                           *Attorneys for Plaintiff*
James M. Treglio                         BRIANA VALENCIA
POTTER HANDY, LLP
8033 Linda Vista Road, Suite 200         Tel: (858) 375-7385
San Diego, CA 92111                      Email: mark@potterhandy.com
                                         Email: JimT@potterhandy.com

☒  **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐  **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐  **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 28, 2019, at Los Angeles, California.

Anh Tran                          By: */s/ Anh Tran*
_____                     _____
Print Name                            Signature

DECLARATION OF BILLY BONILLA IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL
FP 36145886.1

Exhibit A

ENDORSED
FILED
ALAMEDA COUN~~

AUG 2 7 2019

CLERK OF THE SUPERIOR COURT
By _____ Roni Gin
Deputy

1  **POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
2  mark@potterhandy.com
James M. Treglio (SBN 228077)
3  jimt@potterhandy.com
9845 Erma Road, Suite 300
4  San Diego, CA 92131
(858) 375-7385
5  Fax: (888) 422-5191

6  Attorneys for Plaintiff, the Class and all Aggrieved Employees

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF ALAMEDA** HG 19032747

| | |
|---|---|
| 10  BRIANA VALENCIA, an individual, on behalf of all persons similarly situated on behalf of the State of California, as a private attorney general, and on behalf of all aggrieved employees, | CASE NO. |
| 11 | |
| 12 | **CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:** |
| | **(1) FAILURE TO PAY ALL MINIMUM WAGES (LABOR CODE §§ 1194, 1194.2, 1197);** |
| 13  PLAINTIFF, | |
| 14  v. | **(2) FAILURE TO PAY OVERTIME COMPENSATION (LABOR CODE §§ 510, 1194, 1194.2)** |
| 15  VF OUTDOOR, LLC., a California limited liability company, and DOES 1 to 50, inclusive, | **(3) FAILURE TO PROVIDE COMPLIANT REST PERIODS TO AND/OR PAY MISSED REST BREAK PREMIUMS (LABOR CODE § 226.7; IWC WAGE ORDER NO. 9-2001);** |
| 16 | |
| 17  DEFENDANTS. | **(4) FAILURE TO PROVIDE MEAL PERIODS AND/OR PAY MISSED MEAL PERIOD PREMIUMS (LABOR CODE § 226.7, 512, and WAGE ORDER NO. 9);** |
| 18 | |
| 19 | |
| 20 | **(5) FAILURE TO PAY ALL WAGES OWED WITHIN A TIMELY MANNER (LABOR CODE § 204);** |
| 21 | **(6) FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS (LABOR CODE §§ 226(a));** |
| 22 | |
| 23 | **(7) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204);** |
| 24 | **(8) PAGA AND OTHER PENALTIES (LABOR CODE §§ 2699, et seq., and 558).** |

25

26

27

28

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    BRIANA VALENCIA, individually, on behalf of the State of California, and on behalf

2  of all other similarly situated employees of VF OUTDOOR, LLC and DOES 1 through 50,

3  inclusive, alleges as follows:

4                                    **INTRODUCTION**

5    1.    Plaintiff   BRIANA   VALENCIA   ("Plaintiff")   brings   this   individual,

6  representative, and putative class action against Defendant VF OUTDOOR, LLC and

7  DOES 1 through 50, inclusive, ("Defendants"), for engaging in a pattern of wage and hour

8  violations under the California Labor Code and the Industrial Welfare Commission

9  ("IWC") Wage Orders.

10    2.    This is a representative action brought pursuant to Labor Code § 2698, et

11  seq., on behalf of the State of California and the following groups of aggrieved employees:

12    (a)    all individuals who are or were employed by VF Outdoor, LLC, or its
13    predecessor or merged entities in California as hourly, non-exempt employees, who
      were required by VF Outdoor LLC t to undergo pre-shift and post-shift security checks
14    between June 20, 2018 and the present date ("unpaid time aggrieved employees");

15    (b)    all individuals who are or were employed by VF Outdoor, LLC, or its
16    predecessor or merged entities in California as hourly, non-exempt employees, who
      were required by Defendant to undergo pre-shift and post-shift security checks and
17    who work or worked in excess of eight hours in a day or forty hours in a workweek
18    between June 20, 2018 and the present date ("overtime aggrieved employees");

19
20    (c)    all individuals who are or were employed by VF Outdoor, LLC, or its
      predecessor or merged entities in California as hourly, non-exempt employees, who
21    were required by Defendant to undergo pre-shift and post-shift security checks and
      who work or worked shifts in excess of five hours between June 20, 2018 and the
22    present date ("meal period aggrieved employees");

23
24    (d)    all individuals who are or were employed by VF Outdoor, LLC, or its
      predecessor or merged entities in California as hourly, non-exempt employees who
25    work or worked shifts in excess of three and a half hours between June 20, 2018 and
      the present date ("rest period aggrieved employees");
26
27    (e)    all individuals who are or were employed by VF Outdoor, LLC, or its
28    predecessor or merged entities in California as hourly, non-exempt employees from

between June 20, 2018 and the present date ("wage statement aggrieved employees");

(Collectively, the "Aggrieved Employees").

3.       This is also a class action, pursuant to Code of Civil Procedure § 382. By way of this action, Plaintiff seeks to represent the following classes:

(a)       all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by VF Outdoor LLC t to undergo pre-shift and post-shift security checks between August 26, 2015 and the present date ("Unpaid Time Class");

(b)       all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by Defendant to undergo pre-shift and post-shift security checks and who work or worked in excess of eight hours in a day or forty hours in a workweek between August 26, 2015 and the present date ("Overtime Class");

(c)       all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by Defendant to undergo pre-shift and post-shift security checks and who work or worked shifts in excess of five hours between August 26, 2015 and the present date ("Meal Period Class");

(d)       all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees who work or worked shifts in excess of three and a half hours between August 26, 2015 and the present date ("Rest Period Class");

(e)       all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees from between August 26, 2018 and the present date ("Wage Statement Subclass");

(Collectively, the "Class" or "Class Members"). Plaintiff is informed and believes that over 75% of the Class Members alleged herein are citizens of the State of California.

4.       Plaintiff is informed and believes, and on that basis alleges, that Defendants decreased its employment-related costs by systematically violating California wage and hour laws and engaging in unlawful and unfair business practices.

2

5.      Plaintiff brings this lawsuit against Defendants seeking restitution, declaratory judgment, injunctive relief, and monetary relief on behalf of himself and all other similarly situated employees of Defendants in California.  Plaintiff seeks to recover, *inter alia*, unpaid wages, unreimbursed expenses, interest, attorney's fees, damages, liquidated damages, penalties, and costs pursuant California Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 512, 510, 1194, 1194.2, 1197, 1197.1, 1198,[1] 1199, IWC Wage Order No. 9-2001, and Business and Professions Code § 17200, *et seq.*

6.      Plaintiff reserves the right to name additional representatives.

**PARTIES**

**Plaintiff**

7.      Plaintiff is an hourly, non-exempt employee of Defendants, working for Defendants' at their facility in Visalia, California.

8.      Plaintiff is a resident of the State of California and currently resides in Tulare County.

9.      At all relevant times, Plaintiff and, on information and belief, other similarly situated employees of Defendants in California, were subject to the same policies, practices, and procedures governing their employment and their payment of wages and hours worked.

**Defendants**

10.     Defendant VF OUTDOOR, LLC, is a limited liability company, incorporated under the laws of the State of Delaware, with its principle place of business located at 2701 Harbor Bay Pkwy, Alameda, CA 94502. Defendant VF OUTDOOR, LLC also keeps and maintains a facility at 225 N Plaza Drive, Visalia, CA 93291.

11.     Plaintiff is informed and believes that Defendant VF OUTDOOR, LLC, is a wholly owned subsidiary of VF Corporation. Plaintiff is informed and believes that Defendant VF OUTDOOR, LLC, through its corporate parent, VF Corporation, owns and

---

[1] All alleged violations of IWC Wage Orders 1-2001 are also deemed to be alleged violations of Labor Code  § § 1197 and 1198.

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

distributes a number of clothing brands, including but not limited to Vans™, Timberland™, The North Face™, Dickies™, and Jansport™.

12.   Defendants' wrongful conduct, as alleged herein, occurred in the Counties of Alameda, Tulare, and in the State of California.

13.   Plaintiff is informed and believes, and thereon alleges, that each Defendant, whether named or fictitious, is and, at all relevant times, was authorized to do business and did business in the State of California and was Plaintiff's and other similarly situated employees' "employer" as defined in and subject to the California Labor Code and the applicable IWC Wage Order.

14.   Each of the fictitiously named Defendants participated in the acts alleged in this Complaint.  The true names and capacities of the Defendants named as DOES 1 through 50, inclusive, are presently unknown to Plaintiff.  Plaintiff will amend this Complaint, setting forth the true names and capacities of the fictitious Defendants, if and when their true names and capacities are ascertained.

15.   Plaintiff and all other similarly situated employees are, and at all relevant times were, employees of each Defendant, including DOES 1 through 50, within the meanings set forth in the California Labor Code and applicable IWC Wage Order.

16.   Plaintiff is informed and believes that at all relevant times, each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf of every other Defendant, and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or employment and ratified the acts of each other Defendant.

17.   Plaintiff is informed and believes that at all relevant times, each Defendant, whether named or fictitious, exercised control over Plaintiff's and other similarly situated employees' wages, hours and/or working conditions.

18.   Plaintiff is further informed and believes that at all relevant times, each Defendant, whether named or fictitious, acted as the agent for the other Defendants,

4

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  carried out a joint scheme, business plan or policy, and the acts of each Defendant are
2  legally attributable to the other Defendants.

3     19.   Each Defendant, whether named or fictitious, was the alter ego of each of the
4  other Defendants at all relevant times herein.

5     20.   A unity of interest and ownership between each Defendant, whether named
6  or fictitious, exists such that all Defendants acted as a single employer of Plaintiff and all
7  other similarly situated employees.

8  <div align="center">**JURISDICTION AND VENUE**</div>

9     21.   This Court has subject-matter jurisdiction to hear this case the monetary
10 damages and restitution sought herein for Defendants' conduct exceeds the minimum
11 jurisdictional limits of the Superior Court.

12    22.   Venue is proper in Alameda County pursuant to Code of Civil Procedure §§
13 395(a) and 395.5 because Defendants maintain offices and transacts substantial business
14 in Alameda County, Defendants employed Plaintiff and other similarly situated employees
15 in Alameda County, and the unlawful acts alleged herein that arose in Alameda County
16 have a direct effect on Plaintiff and other similarly situated employees within Alameda
17 County.

18    23.   Further, because Plaintiff, the Class Members, and Defendant VF Outdoor,
19 LLC, are all citizens of the State of California, there is no federal diversity or federal
20 question jurisidiction, and as such, removal of this action is inappropriate.

21 <div align="center">**GENERAL ALLEGATIONS**</div>

22    24.   Plaintiff BRIANNA VALENCIA  is currently employed by Defendants in
23 Defendants' Visalia, California facility. In that capacity, Plaintiff is paid on an hourly basis.
24 Her initial compensation was $11 per hour, which has increased to $13.66 per hour.

25    25.   Everyday, Plaintiff, the Class Members, and the Aggrieved Employees arrive
26 at their places of work, and prior to clocking-in, they are required to undergo a security
   check wherein their bags are searched. Then, Plaintiff, the Class Members, and the
27 Aggrieved Employees are required to walk through the distribution center to the part of the
28

<div align="center">5</div>
<div align="center">CLASS AND REPRESENTATIVE ACTION COMPLAINT</div>

distribution center where they are assigned, and then, and only then, are Plaintiff, the Class Members, and the aggrieved employees allowed to clock-in. The entire process of entering the building, undergoing the security check, and walking to the workstation takes approximately 20 minutes. As these duties take place prior to clocking-in, Plaintiff, the Class Members, and the aggrieved employees are not compensated for this time.

26.    Upon either finishing for the day, or taking a meal period, Plaintiff, the Class Members, and the aggrieved employees clock-out at their workstations, and then must walk to the front of the building, where they undergo a post-shift security check. This process also takes approximately 20 minutes as well. And, although Plaintiff, the Class Members, and the aggrieved employees are still under the control of the Defendant, they are not paid for this time.

**Plaintiff, the Aggrieved Employees, and the Class Were Not Paid by Defendants for All Hours Worked**

27.    Labor Code § 1197 states the California requirement that employees must be paid at least the minimum wage fixed by the Commission, and any payment of less than the minimum wage is unlawful. Labor Code § 1194 entitles "any employee receiving less than the legal minimum wage...to recover in a civil action the unpaid balance of the full amount of this minimum wage." IWC Wage Order 9-2001 § 4 also obligates employers to pay each employee minimum wages for all hours worked.

28.    As noted above, Plaintiff, the Class Members, and the aggrieved employees must undergo pre-shift and post-shift activities, such as undergoing security checks and walking to their appropriate clocking-in stations, causing them to lose as much as 40 minutes per day.  As a result, Plaintiff, the Unpaid Time Class, and the unpaid time aggrieved employees are not compensated for all hours worked.

29.    Recently the California Supreme Court held in *Troester v. Starbucks, Inc.* (2018) 5 Cal.5th 829, that an employee must be compensated for any time in which they are under the control of their employer, and performing work, even if that amount of time, as here, is limited to a few minutes per day. Thus, by not compensating Plaintiff, the Unpaid Time Class and the unpaid time aggrieved employees for the time spent in security checks

6

1    and walking to and from their workstations, Defendant has violated the Labor Code and the

2    Wage Order.

3         30.    Further, Labor Code § 558 imposes a penalty upon employers "who violates,

4    or causes to be violated ... any provision regulating hours and days of work in any order of

5    the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any

6    initial violation, fifty dollars ($50) for each underpaid employee for each pay period for

7    which the employee was underpaid in addition to an amount sufficient to recover

8    underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each

9    underpaid employee for each pay period for which the employee was underpaid in addition

10   to an amount sufficient to recover underpaid wages; and (3) Wages recovered pursuant to

11   this section shall be paid to the affected employee."   Plaintiff and the other unpaid time

12   aggrieved employees are entitled to recover penalties and wages under Labor Code § 558.

13   *See Thurman v. Bayshore Transit Mgmt., Inc.* (2012) 203 Cal. App. 4th 1112.

14        31.    Similarly, Labor Code § 1194.2 authorizes employees to recover wages to

15   recover liquidated damages for violations of Labor Code § 1194. Where an employee, as

16   Plaintiff, the Unpaid Time Class and the other  unpaid time aggrieved employees are not

17   paid for all hours worked under Labor Code § 1194, the employee may recover minimum

18   wages for the time associated with the overtime for which they received no compensation.

19   (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp. 3d 891 [holding that

20   employees suing for failure to pay overtime could recover liquidated damages under §

21   1194.2 if they also showed they were paid less than minimum wage]; *accord Andrade v.*

22   *Arby's Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) No. 15-cv-03175 NC, 2016 U.S. Dist.

23   LEXIS 172319, at *20-21.) Since Defendant failed to provide Plaintiff and all aggrieved

24   employees with compensation for all hours worked, including overtime hours, each are

25   entitled to recover liquidated damages under Labor Code § 1194.2 through PAGA. Based

26   upon these same factual allegations, Plaintiff also seeks penalties on behalf of all aggrieved

27   employees penalties under Labor Code § 1199.

28

7

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

**Plaintiff, the Overtime Class, and the Overtime Aggrieved Employees Are and Were Not Paid for Overtime For Hours Worked In Excess of 8 in a Day or Forty in a Workweek**

32.     Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work. In accordance with Labor Code § 1194, Plaintiff, the Overtime Class, and the overtime aggrieved employees could not then agree and cannot now agree to work for a lesser wage than the amount proscribed by Labor Code §§ 510 and 1194.

33.     For the reasons stated above, Plaintiff, the Overtime Class, and the overtime aggrieved employees worked certain hours for which they were not paid (such as time spent undergoing security checks, and walking to their workstations) This time amounts and amounted to up to and sometimes over one hour per day of uncompensated time (20 minutes before the shift, 40 minutes before and after meal periods, and 20 minutes after the shift). Because Plaintiff, the Overtime Class, and the overtime aggrieved employees spent eight hours or more working on "compensated" time, this uncompensated time for pre- and post-shift mandatory activities should have been compensated at the overtime rate.  Instead, no compensation was paid at all, in violation of Cal. Labor Code §§ 510, 1194, and Wage Order 9-2001.

34.     As stated above, Labor Code § 558 imposes a penalty upon employers "who violates, or causes to be violated...any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

8

1   underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each

2   underpaid employee for each pay period for which the employee was underpaid in addition

3   to an amount sufficient to recover underpaid wages; and (3) Wages recovered pursuant to

4   this section shall be paid to the affected employee." Plaintiff and the overtime aggrieved

5   employees are also entitled to recover penalties and unpaid overtime wages under Labor

6   Code § 558 (see, Thurman, supra).

7   **Plaintiff, the Meal Period Class, and the Meal Period Aggrieved Employees Are**

8   **and Were Denied Off-Duty Meal Periods of At Least 30 Minutes**

9       35.    Labor Code § 512 requires employers to provide employees with thirty (30)

10   minute uninterrupted and duty-free meal period within the first five hours of work.  "An on-

11   duty meal period is permitted only when the nature of the work prevents an employee from

12   being relieved of all duty and the parties agree in writing to an on-duty paid meal break."

13   (Lubin v. The Wackenhut Corp. (2016) 5 Cal. App. 5th 926, 932.)  The written agreement

14   must include a provision allowing the employee to revoke it at any time.  Id.

15       36.    Generally, the DLSE and courts have "found that the nature of the work

16   exception applies: '(1) where the work has some particular external force that requires the

17   employee to be on duty at all times, and (2) where the employee is the sole employee

18   of a particular employer." (Id. at p. 945; Abdullah v. U.S. Security Associates, Inc. (9th Cir.

19   2013) 731 F.3d 952, 958–959.) "[I]t is the employer's obligation to determine whether the

20   nature of the work prevents an employee from being relieved before requiring an employee

21   to take an on-duty meal period." (Lubin, supra, 5 Cal. App. 5th at p. 946.)  Nor may an

22   employer "discharge its duty by arguing that its clients who requested on-duty meal periods

23   determined that the nature of the work prevented officers from being relieved of all duty."

24   (Id. at p. 947; Benton, supra, 220 Cal. App. 4th at p. 729.)

25       37.    As with rest periods, under Labor Code § 512, if an employer maintains a

26   uniform policy that does not authorize and permit the amount of meal time called for under

27   the law (as specified in the applicable Wage Order), "it has violated the wage order and is

28

9

liable." The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—*it has violated the wage order and is liable.*   *Brinker Rest. Corp. v. Sup. Ct.* (2012) 53 Cal.4th 1004, 1033. (Emphasis added.)

38.     As a result of its timekeeping policies, Defendant violated Labor Code § 512 and IWC Wage Order No. 9 by failing to provide duty-free meal periods to Plaintiff, the Meal Period Class, and the meal period aggrieved employees of 30 minutes or more. Because Defendant required to Plaintiff, the Meal Period Class, and the meal period aggrieved employees to clock-out at their workstations (found in the rear of the warehouse they work), and undergo security checks before being able to leave the premises, Defendant effectively prevents to Plaintiff, the Meal Period Class, and the meal period aggrieved employees from leaving the premises.  To alleviate this problem, Defendant has apparently allowed for meal periods of 45 minutes, but again, as the entering and exiting the building takes 20 minutes or more, to Plaintiff, the Meal Period Class, and the meal period aggrieved employees are forced to take their meal periods on premises.

39.     Thus, Defendant unlawfully retained control of Plaintiff, the Meal Period Class, and the meal period aggrieved employees during their meal periods, even though the nature of the work did not necessitate an on-duty meal period (and by failing to enter into proper on-duty meal period agreements). *See Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 275 (holding that on-premises breaks violate California law). As a result of Defendant's failure to authorize or permit lawful meal periods, to Plaintiff, the Meal Period Class, and the meal period aggrieved employees frequently did not receive duty-free thirty-minute duty-free meal periods within the first five (5) hours of their work and did not receive a second duty-free meal period when working shifts of ten (10) hours or more. Defendant also failed to to Plaintiff, the Meal Period Class, and the meal period aggrieved

10

1  employees meal period premiums for each workday that the employees did not receive a

2  compliant meal period.

3  **Plaintiff, the Rest Period Class, and the Rest Period Aggrieved Employees Are and**

4  **Were Denied Off-Duty Rest Periods**

5      40.     Labor Code § 226.7 provides "an employer shall not require an employee

6  to work during a meal or rest or recovery period mandated pursuant to an applicable

7  statute, or applicable regulation, standard, or order of the Industrial Welfare Commission

8  ("IWC"). Similarly, IWC Wage Order 9-2001 prohibits an employer from "employ[ing] any

9  person for a work period of more than five (5) hours without a meal period of not less than

10  30 minutes. IWC Wage Order 9-2001 further obligates employers to provide an employee

11  to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for

12  each workday that the meal period is not provided. Accordingly, for each day that to

13  Plaintiff, the Meal Period Class, and the meal period aggrieved employees did not receive

14  compliant meal periods, they are entitled to receive meal period premiums pursuant to

15  Labor Code § 226.7 and Wage Order 9-2001.

16      41.     Pursuant to Labor Code § 226.7, and Wage Order 9-2001, Defendant

17  failed to provide Plaintiff, the Rest Period Class, and the rest period other aggrieved

18  employees with duty-free rest periods of not less than ten (10) minutes for every major

19  fraction of four hours worked.

20      42.     Labor Code § 226. 7 provides "an employer shall not require an employee

21  to work during a meal or rest or recovery period mandated pursuant to an applicable

22  statute, or applicable regulation, standard, or order of the Industrial Welfare Commission

23  ("IWC")." Under IWC Wage Order 9-2001 an employer must authorize and permit all

24  employees to take ten (10) minute duty free rest periods for every major fraction of four

25  hours worked.

26      43.     Defendant failed to implement a lawful rest period policy that informed

27  Plaintiff, the Rest Period Class, and the rest period other aggrieved employees of their right

28  to receive lawful rest periods for shifts greater than 3.5 hours.  Specifically, as a result of the

11

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1  mandatory security checks Plaintiff, the Rest Period Class, and the rest period other

2  aggrieved employees were required to undertake before they leave the premises, Plaintiff,

3  the Rest Period Class, and the rest period other aggrieved employees were unable to take

4  duty-free rest periods of net-ten minutes in length. Instead, the security check activities

5  typically cut Plaintiff's, the Rest Period Class', and the aggrieved employees' rest periods

6  short, and required them to perform job duties during a required duty-free break. *See*

7  *Augustus v. ABM Security Services, Inc.*, 2016 WL 7407328 (Cal. Dec. 22, 2016) (holding

8  that on-duty rest breaks violate California law).

9        44.      Defendant further violated Labor Code § 226.7 and IWC Wage Order No.

10  9 by requiring Plaintiff, the Rest Period Class, and the rest period other aggrieved

11  employees to take their rest periods on Defendant's premises (and not allowing Plaintiff

12  and the aggrieved employees to leave the premises during their rest periods). (Id.).

13  Effectively, Defendant unlawfully retained control of Plaintiff, the Rest Period Class, and

14  the rest period other aggrieved employees during their rest periods, prevented them from

15  leaving the premises and perforated their breaks with donning and duffing job duties.

16        45.      Pursuant to Labor Code § 226.7 and Wage Order 9-2001, Defendant failed

17  to provide Plaintiff and the aggrieved employees with duty-free rest periods of not less than

18  ten (10) minutes for every major fraction of four (4) hours worked.

19        46.      The *Brinker* Court explained in the context of rest breaks that employer

20  liability attaches from adopting an unlawful policy:

21        An employer is required to authorize and permit the amount of rest break
22        time called for under the wage order for its industry. If it does not-if, for
23        example, it adopts a uniform policy authorizing and permitting only one rest
          break for employees working a seven-hour shift when two are required-it has
24        violated the wage order and is liable. *Brinker Rest. Corp. v. Sup. Ct., supra,* 53
25        Cal.4th at 1033. (Emphasis added.)

26        47.      Since Defendant did not offer employees the opportunity to receive a

27  compliant off-duty ten minute rest periods, "the court may not conclude employees

28  voluntarily chose to skip ... breaks." *Alberts v. Aurora Behavioral Health Care,* (2015) 241

<div align="center">12</div>

<div align="center">CLASS AND REPRESENTATIVE ACTION COMPLAINT</div>

1    Cal. App. 4th 388, 410 ("[i]f an employer fails to provide legally compliant meal or rest

2    breaks, the court may not conclude employees voluntarily chose to skip those breaks.");

3    accord *Brinker Rest. Corp. v. Sup. Ct., supra*, 53 Cal.4th at 1033 ("No issue of waiver ever

4    arises for a rest break that was required by law but never authorized; if a break is not

5    authorized, an employee has no opportunity to decline to take it.").

6         48.    Even an employer who maintains an otherwise compliant rest period policy,

7    "reminded their employees of their availability-and the importance-of taking breaks on a

8    daily basis, and even went so far as to conduct regular audits to ensure that employees were

9    being offered rest breaks" will still be liable for rest period violations if the employees were

10   not separately or properly compensated for the non-productive time associated with rest

11   periods under a piece-rate compensation system. *Amaro v. Gerawan Farming, Inc.,* 2016

12   U.S. Dist. LEXIS 66842 * (E.D. Cal. May 19, 2016) *aff'd Amaro v. Gerawan,* 2016 U.S. Dist.

13   LEXIS 112540, 2016 WL 4440966, at * 11 (E.D. Cal. Aug. 22, 2016); rev. denied by 9th

14   Cir. (9th Cir. Nov. 16, 2016).

15        49.    In addition, Plaintiff, the Rest Period Class, and the rest period other

16   aggrieved employees were not compensated with one (1) hours' worth of pay at their

17   regular rate of compensation when they were not provided with a compliant rest period.

18   **Plaintiff, the Class, and the Aggrieved Employees Are and Were Not Paid All Due**

19   **Wages Within Seven Days of the Close of Payroll**

20        50.    Labor Code § 204 expressly requires that "[a]ll wages...earned by any person

21   in any employment are due and payable twice during each calendar month, on days

22   designated in advance by the employer as the regular paydays." Pursuant to Labor Code §

23   204(d), these requirements are "deemed satisfied by the payment of wages for weekly,

24   biweekly or semimonthly payroll if the wages are paid not more than seven calendar days

25   following the close of the payroll period.

26        51.    Due to Defendant's failure to pay Plaintiff, the Class, and the aggrieved

27   employees for all hours worked, pay overtime for all hours worked in excess of eight hours

28

13

1 in a day and forty hours in a workweek, all meal and rest period premiums[2], Defendant

2 failed to timely pay the Plaintiff, the Class, and the aggrieved employees within seven (7)

3 days of the close of the payroll period in accordance with Labor Code § 204 on a regular

4 and consistent basis. *See Parson v. Golden State FC, LLC,* 2016 U.S. Dist. LEXIS 58299,

5 2016 WL 1734010, at *3-5 (N.D. Cal. May 2, 2016) (finding after *Ling* that a failure to pay

6 rest period premiums can support claims under Labor Code §§ 203 and 204).

7 **The Aggrieved Employees Were Not Paid All Wages Owed Upon Termination**

8     52.    As a result of Defendant's failure to pay wages to Plaintiff, and the aggrieved

9 employees for all hours worked, including compensation for time spent in security checks ,

10 overtime wages, and meal/rest period premiums, Defendant violated Labor Code § 203.

11 Labor Code § 203 provides "if an employer willfully fails to pay . . . any wages of an

12 employee who is discharged or who quits, the wages of the employee shall continue as a

13 penalty. . ." for up to 30 days.  Lab. Code § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th

14 487, 492.

15     53.    Due to Defendant's faulty policies described above, all aggrieved employees

16 whose employment with Defendant concluded were not compensated for each and every

17 hour worked or at the appropriate rate.  Additionally, Defendant has failed to pay all

18 aggrieved employees for all hours worked (including at the proper rates and overtime

19 rates), meal period premiums, and rest period premiums, whose sums were certain, at the

20 _____
[2] Courts routinely find that employees who do not receive meal/rest periods premiums are entitled
21 to waiting time penalties under Labor Code § 203. *See e.g. In re Autozone, Inc.*, 2016 U.S. Dist.
LEXIS 105746 *23 (N.D. Cal. Aug. 10, 2016) (denying the defendant's motion for summary
22 judgment on the plaintiff's claim for waiting time penalties based upon the failure to provide rest
period premiums and finding that the California Court of Appeals decision in *Ling vs. P.F.*
23 *Chang's China Bistro, Inc.* (2016) 245 Cal. App. 4th 1242 "concerned only whether 'a section
203 waiting time claim based on section 226.7 premium pay is an action brought for the non-
24 payment of wages under section 218.5'"); *Parson v. Golden State FC, LLC,* 2016 U.S. Dist.
LEXIS 58299, 2016 WL 1734010, at *3-5 (N.D. Cal. May 2, 2016) (finding after *Ling* that a
25 failure to pay rest period premiums can support claims under Labor Code §§ 203 and 204);
*Brewer v. Gen. Nutrition Corp.* (N.D. Cal. Aug. 27, 2015) 2015 WL 5072039, at *19 [denying
26 defendant's motion for summary judgment because "the premium payments due under section
226.7 are to be considered "wages" for purposes of sections 203 and 226."]; *Abad v. Gen.*
27 *Nutrition Centers, Inc.* (C.D. Cal. Mar. 7, 2013) 2013 WL 4038617, at *3–4 [distinguishing
*Kirby,* and finding "Plaintiffs' section 203 claim for failure to pay wages...can be based on
28 amounts owed under section 226.7.".)

1    time of termination or within seventy-two (72) hours of their resignation and have failed to

2    pay those sums for thirty (30) days thereafter.

3    **Plaintiff, the Wage Statement Class, and the Aggrieved Employees Are and Were**

4    **Not Provided With Provided With Accurate Wage Statements**

5    54.    Further, Defendant failed to provide Plaintiff, the Wage Statement Class and

6    the aggrieved employees accurate itemized wage statements in accordance with Labor

7    Code § 226(a) (1, 2, 5, and 9). Labor Code § 226 obligates employers, semi-monthly or at

8    the time of each payment to furnish an itemized wage statement in writing showing:

9    (1) gross wages earned;

10    (2) total hours worked by the employee;

11    (3) the number of piece-rate units earned and any applicable piece rate if the

12    employee is paid on a piece rate;

13    (4) all deductions, provided that all deductions made on written orders of the

14    employee may be aggregated and shown as one item;

15    (5) net wages earned;

16    (6) the inclusive dates of the period for which the employee is paid;

17    (7) the name of the employee and only the last four digits of his or her social security

18    number or an employee identification number other than a social security number;

19    (8) the name and address of the legal entity that is the employer...;

20    (9) all applicable hourly rates in effect during the pay period and the corresponding

21    number of hours worked at each hourly rate by the employee...

22    55.    Due to Defendant's failure to pay Plaintiff, the Class, and the Aggrieved

23    Employees for all hours worked, failure to properly pay overtime wages, failure to provide

24    lawful meal periods rest periods (and pay missed meal and rest period premiums), the wage

25    statements issued by Defendant do not indicate the correct amount of gross wages earned,

26    the correct total hours worked, the correct net wages earned, or the applicable and/or

27    correct hourly rates in effect during the pay period and the corresponding number of hours

28    worked at each hourly rate in violation of Labor Code § 226(a)(1), (2), (5) and (9).

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

56.    Thus, Plaintiff is an aggrieved employee within the meaning of PAGA and Defendant has violated Labor Code § 226(a)(1), (2), (5), and (9) with respect to Plaintiff, the Wage Statement Class, and the wage statement aggrieved employees.

57.    Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." As explained in detail above, Defendant failed to provide Plaintiff and the other aggrieved employees with accurate itemized wage statements. Accordingly, Plaintiff and the other aggrieved employees may also recover Labor Code § 226.3 penalties for Defendants' violations of Labor Code § 226(a). *See Finder v. Leprino Foods Co.* (E.D. Cal. Mar. 12, 2015) 2015 WL 1137151, at *7 ["the weight of authority counsels that violations of Section 226.3 may be the basis of a PAGA claim."]; *Pedroza v. PetSmart, Inc.,* 2012 WL 9506073, at *6 (C.D. Cal. June 14, 2012) ("Lab. Code § 226.3 merely provides that failure to perform actions mandated by § 226(a) may trigger civil penalties.").[3]

## CLASS ALLEGATIONS

58.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

59.    Plaintiff brings Causes of Action One through Seven as a Class Action pursuant to California Code of Civil Procedure § 382 on behalf of himself and all current and former non-exempt employees of Defendants, who were affected by Defendants' Labor Code, Business and Professions Code, and IWC Wage Order violations, as alleged herein.

---

[3] *Accord Singer v. Becton, Dickinson & Co., Med–Safe Sys.* (S.D.Cal. July 23, 2008) 2008 U.S. Dist. LEXIS 56326, *18; *Yadira v. Fernandez* (N.D. Cal. June 14, 2011) 2011 U.S. Dist. LEXIS 62894, *7–9, 2011 WL 2434043; *Willis v. Xerox Bus. Servs., LLC* (E.D. Cal. Nov. 15, 2013) No. 1:13-CV-01353-LJO, 2013 WL 6053831, at *7.

16

60.     Plaintiff is a member of, and seeks to represent the following classes, which are defined as:

(a)     all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by VF Outdoor LLC t to undergo pre-shift and post-shift security checks between August 26, 2015 and the present date ("Unpaid Time Class");

(b)     all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by Defendant to undergo pre-shift and post-shift security checks and who work or worked in excess of eight hours in a day or forty hours in a workweek between August 26, 2015  and the present date ("Overtime Class");

(c)     all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by Defendant to undergo pre-shift and post-shift security checks and who work or worked shifts in excess of five hours between August 26, 2015 and the present date ("Meal Period Class");

(d)     all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees who work or worked shifts in excess of three and a half hours between August 26, 2015 and the present date ("Rest Period Class");

(e)     all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees from between June 20, 2018 and the present date ("Wage Statement Subclass").

(Collectively, the "Class" or "Class Members").

61.     **Reservation of Rights**: Pursuant to California Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or limitation to particular issues.

62.     Causes of Action One through Seven are appropriately suited for a class action pursuant to § 382 of the Code of Civil Procedure because the following requirements are met:

17

**Numerosity**

63.     The members of the Class and Subclass are sufficiently numerous to render the joinder of all their members impracticable. While Plaintiff has not yet determined the precise number of members of the Class and Subclass, Plaintiff is informed and believes that the Class likely consists of over 25 individuals. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' time and payroll records and other personnel records.

**Commonality and Predominance**

64.     Common questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Class or Subclass. The common questions of law and fact that predominate include, but are not limited to:

a.     Whether the time spent in security checks and walking to and from clocking-in and clocking-out workstations counts as hours worked;

b.     Whether Defendants failed to compensate Plaintiff and the Unpaid Time Class for all their hours worked, including time spent in security checks and walking to and from their work stations;

c.     Whether Defendants failed to compensate Plaintiff and the Overtime Class for their hours worked in excess of eight hours in a day and forty hours in a workweek, including time spent in security checks and walking to and from work stations, at one and a half times their regular rate of pay;

d.     Whether Defendants failed to permit Plaintiff and the Meal Period Class to take duty-free, thirty-minute meal periods before the commencement of their sixth hour of work;

e.     Whether Defendants' policies regarding security checks and timekeeping policies is such that it prevented Plaintiff and the Meal Period Class from taking off-duty rest periods of not less than thirty minutes;

CLASS AND REPRESENTATIVE ACTION COMPLAINT

f.      Whether Defendants failed to pay one additional hour of pay at the non-exempt employees' regular rate of compensation to Plaintiff and members of the Meal Period Class s when they were not provided with compliant and timely meal periods;

g.      Whether Defendants failed to permit Plaintiff and members of the Rest Period Class to take off-duty and paid rest periods of at least 10 minutes for every four hours worked, or major fraction thereof;

h.      Whether Defendants failed to pay one additional hour of pay at the non-exempt employees' regular rate of compensation to Non-Exempt Class Members when they were not provided with compliant and timely rest periods;

i.      Whether Defendants failed to properly and accurately record and maintain records of all hours worked and wages earned by Plaintiff and the Class Members;

j.      Whether Defendants failed to provide Plaintiff and the Wage Statement Class Members with accurate itemized wage statements showing, among other things, the total regular and overtime hours worked during the pay period, the applicable hourly rates and the corresponding number of hours worked at each hourly rate, the correct amount of gross and net wages earned, and meal and rest premium purposes;

k.      Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to pay Plaintiff and the members of the Class for all hours worked, including for time spent on pre-shift and post-shift activities, incluing overtime compensation for hours worked in excess of eight hours in a day or forty hours in a workweek, during the Class Period;

l.      Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide off-duty paid rest breaks or pay rest period premiums to members of the Class in violation of Labor Code section 226.7 and Section 12 of IWC Wage Order No. 9;

m.      Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide meal periods of thirty minutes or more free and clear of all job duties or pay meal period

19

1  premiums to members of the Class in violation of Labor Code §§226.7 and 512 and

2  Section 11 of IWC Wage Order No. 9

3          n.     Whether Plaintiff and the Class are entitled to restitution under

4  Business and Professions Code § 17200;

5          o.     The proper formula(s) for calculating damages, interest, and

6  restitution owed to Plaintiff and the Class Members;

7          p.     The nature and extent of class-wide damages.

8  **Typicality**

9      65.   Plaintiff's claims are typical of the claims of all Class Members because

10 Plaintiff and all Class Members' claims arise from the same event, practice and/or course

11 of conduct of Defendants. Plaintiff and all Class Members sustained injuries and damages

12 as a result of Defendants' illegal policies, practices and/or common course of conduct in

13 violation of California wage and hour laws and/or illegal, unfair, or fraudulent business

14 practices.

15     66.   Furthermore, Plaintiff's claims under the Labor Code and the applicable IWC

16 Wage Order are typical of the Class because Defendants' failure to comply with the

17 provisions of California's wage and hour laws entitles Plaintiff and each Class Member to

18 similar pay, benefits, and other relief. Accordingly, the legal theories underlying each

19 cause of action are the same and the remedies sought by Plaintiff and all Class Members

20 are the same.

21 **Adequacy of Representation**

22     67.   Plaintiff has no fundamental conflict of interest with the Class she seeks to

23 represent. Plaintiff will adequately protect the interests of all class members because it is in

24 Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation

25 and penalties due to him and putative class members.

26     68.   Plaintiff retained attorneys who are experienced employment law litigators

27 with significant wage and hour and class action experience.

28 **Superiority of Class Action**

CLASS AND REPRESENTATIVE ACTION COMPLAINT

69.     Plaintiff believes a class action is a superior method of litigation for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable.  Class action treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

70.     Plaintiff knows of no difficulty that might be encountered in the management of this suit, which would preclude maintenance as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM AND REGULAR WAGES
### (Violation of Labor Code §§ 1194, 1197, and 1198 and the "Minimum Wages" section of the IWC Wage Order 9)
### By Plaintiff and the Unpaid Class Against All Defendants

71.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

72.     Labor Code § 1197 provides, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum wage so fixed is unlawful."

73.     The "Minimum Wages" section of the IWC Wage Order 9-2001 provides that an employer may not pay employees less than the applicable minimum for all hours worked.

74.     IWC Wage Order 9-2001 defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

75.     Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    employee for longer hours than those fixed by the order or under conditions of labor

2    prohibited by the order is unlawful."

3          76.    Defendants failed to pay Plaintiff and members of the Unpaid Time Class at

4    least minimum wages for all the time spent working and under the control of Defendants.

5    For example Plaintiff and members of the Unpaid Time Class worked certain hours for

6    which they were not paid, such as hours for pre-and post-production responsibilities,

7    including going through security checks and walking to their workstations, which took at

8    least 15 to 20 minutes before and after shifts, as well as after clocking out for meal periods

9    and before clocking back in for meal periods.

10         77.    Labor Code § 1194 provides, in part, that any employee receiving less than

11    the legal minimum wage is entitled to recover in a civil action the unpaid balance of the

12    minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

13         78.    Labor Code § 1194.2 allows an employee to recover liquidated damages in

14    an amount equal to the wages unlawfully unpaid and interest thereon for any action under

15    Labor Code § 1194.

16         79.    Plaintiff and members of the Unpaid Time Class suffered and continue to

17    suffer losses related to the use and enjoyment of compensation due and owing to them as a

18    direct result of Defendants' unlawful acts and Labor Code violations in an amount to be

19    shown according to proof at trial and within the jurisdictional limitations of this Court.

20         80.    Plaintiff seeks all available remedies for Defendants' violations including, but

21    not limited to, any and all wages due, monies, interest, liquidated damages, attorney's fees,

22    and costs to the extent permitted by law.

23

**<center>SECOND CAUSE OF ACTION</center>**
24
**<center>FAILURE TO PAY ALL OVERTIME WAGES</center>**
25
**<center>(Violation of Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section of IWC Wage Order No. 9)</center>**
26
**<center>By Plaintiff and the Overtime Class Against All Defendants</center>**

27         81.    Plaintiff re-alleges and incorporates by reference the allegations contained in

28    the paragraphs above, as though fully set forth herein.

<center>22</center>

82.   Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."  The "Hours and Days of Work" section of the applicable IWC Wage Order mandate the same requirements.

83.   Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

84.   Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

85.   The IWC Wage Order 9-2001 defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

86.   In California, overtime is computed based on the regular rate of pay.  The regular rate of pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

87.   Plaintiff and members of the Overtime Class regularly worked over eight hours per day and 40 hours per week while employed by Defendants.  Plaintiff and members of the Overtime Class did not receive all overtime compensation owed for all

23

1   overtime hours worked over eight hours per day and/or 40 hours per week, and/or for

2   every hour worked during the seventh day of work, at the applicable overtime rate during

3   their employment with Defendants.

4     88. Defendants failed to pay Plaintiff and members of the Overtime Class at the

5   proper overtime rate for all the time spent working and under the control of Defendants.

6   For example, Plaintiff and members of the Overtime Class worked certain hours for which

7   they were not paid, such as hours for pre-and post-production responsibilities, including

8   time spent undergoing security checks and walking to their workstations, which took at

9   least 15 to 20 minutes before and after shifts, as well as after clocking out for meal periods

10  and before clocking back in for meal periods. Defendants also failed to pay overtime

11  compensation for all overtime hours worked over eight hours per day and/or 40 hours per

12  week.

13    89. Plaintiff and members of the Overtime Class suffered and continue to suffer

14  losses related to the use and enjoyment of compensation due and owing to them as a direct

15  result of Defendants' unlawful acts and Labor Code violations in an amount to be shown

16  according to proof at trial and within the jurisdictional limitations of this Court.

17    90. Plaintiff seeks all available remedies for Defendants' violations including, but

18  not limited to any and all wages due, monies, interest, attorney's fees, and costs to the

19  extent permitted by law.

20

### THIRD CAUSE OF ACTION

21

**FAILURE TO PROVIDE TIMELY AND/OR OFF-DUTY MEAL PERIODS**

22

**(Violation of Labor Code §§ 226.7, 512, and 1198 and the "Meal Periods" section of**

**the IWC Wage Order 9)**

23

**(By Plaintiff and the Meal Period Class Against All Defendants)**

24    91. Plaintiff re-alleges and incorporates by reference the allegations contained in

25  the paragraphs above, as though fully set forth herein.

26    92. Labor Code § 512(a) provides, in part, that employers, including Defendants,

27  "may not employ an employee for a work period of more than five hours per day without

28  providing an employee with a meal period of not less than 30 minutes" and "may not

24

1   employ an employee for a work period of more than 10 hours per day without providing the
2   employee with a second meal period of not less than 30 minutes."

3       93.     Labor Code § 226.7 requires that employers, including Defendants, provide
4   their employees with meal periods as mandated by the applicable Wage Order of the
5   Industrial Welfare Commission, and prohibits employers from requiring any employee "to
6   work during any meal ... period mandated by an applicable order of the Industrial Welfare
7   Commission." Labor Code § 226.7(c) states, "[i]f an employer fails to provide an employee
8   a meal ... period in accordance with a state law... the employer shall pay the employee one
9   additional hour of pay at the employee's regular rate of compensation for each workday
10  that the meal ... period is not provided."

11      94.     Labor Code § 1198 states that the "maximum hours of work and standard
12  conditions of labor fixed by the commission shall be the maximum hours of work and the
13  standard conditions of labor for employees.  The employment of any employee for longer
14  hours than those fixed by the order or under conditions of labor prohibited by the order is
15  unlawful."

16      95.     The "Meal Periods" section of IWC Wage Order 9 states, "[n]o employer
17  shall employ any person for a work period of more than five (5) hours without a meal period
18  of not less than 30 minutes, except that when a work period of not more than six (6) hours
19  will complete the day's work the meal period may be waived by mutual consent of the
20  employer and the employee." It further states, "[a]n employer may not employ an employee
21  for a work period of more than ten (10) hours per day without providing the employee with
22  a second meal period of not less than 30 minutes, except that if the total hours worked is no
23  more than 12 hours, the second meal period may be waived by mutual consent of employer
24  and employee only if the first meal period was not waived."

25      96.     The "Meal Periods" section of the applicable IWC Wage Order also states,
26  "[u]nless the employee is relieved of all duty during a 30-minute meal period, the meal
27  period shall be considered an 'on duty' meal period and counted as time worked. An 'on
28  duty' meal period shall be permitted only when the nature of the work prevents an

employee from being relieved of all duty and when by written agreement between the parties an on-the-job meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

97.    The "Meal Periods" section of the applicable IWC Wage Order also states, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

98.    On information and belief, Plaintiff and members of the Meal Period Class were subject to the same policies, practices, and procedures governing the provision and scheduling of meal periods.

99.    On information and belief, Defendants have a pattern and practice of not providing Plaintiff and members of the Meal Period Class with legally compliant 30-minute off-duty meal periods during their shifts, even though they worked more than six (6) hours during their workday.

100.   Plaintiff and members of the Meal Period Class were unable to take compliant meal periods because they were regularly required to perform pre- and post-production responsibilities, including, but not limited to: undergoing security checks, walking through the facility, and undertaking tasks from supervisors. These pre- and post-production line activities take approximately 15 to 20 minutes, and must be completed every time Plaintiff and, on information and belief, other similarly situated employees begin or end their "compensable" duties for Defendants, including before and after shifts, as well as after clocking out for meal periods and before clocking back in for meal periods. Thus, as a result of Defendants' policies, Plaintiff's, and members of the Meal Period Class' meal periods were regularly short, interrupted, and/or on duty.

101.   Defendant further violated Labor Code § 512 by effectively requiring Plaintiff and members of the Meal Period Class to take their meal periods on Defendants' premises (and not allowing Plaintiff and members of the Meal Period Class to leave the

26

premises during their meal periods). Through their security and timekeeping procedures describe above, Defendants unlawfully retained control of Plaintiff and members of the Meal Period Class during their meal periods, even though the nature of the work did not necessitate an on-duty meal period.

102.   Plaintiff and members of the Meal Period Class did not sign a valid on-duty meal period agreement at any point during their employment with Defendants.

103.   Plaintiff and members of the Meal Period Class typically worked more than six (6) hours per day and did not properly waive any of their meal periods.

104.   Therefore, as a result of Defendants' conduct, including the conduct alleged herein, Defendants violated Labor Code §§ 226.7, 512, and 1198, as well as IWC Wage Order 9-2001 when Defendants failed to provide Plaintiff and members of the Meal Period Class a 30-minute, duty-free meal period before the commencement of their sixth hour of work, and a second 30-minute, duty-free meal period before the commencement of their eleventh hour of work.

105.   Consequently, pursuant to Labor Code § 226.7(b) and the "Meal Periods" section of the Wage Order, Defendants were required to pay P Plaintiff and members of the Meal Period Class one additional hour of pay at their regular rate of compensation for each day that Defendants did not provide Plaintiff and members of the Meal Period Class with a 30-minute, duty-free meal period before the commencement of their sixth hour of work or a second 30-minute, duty-free meal period before the commencement of their eleventh hour of work.

106.   Despite this obligation, Defendants did not pay Plaintiff and members of the Meal Period Class one additional hour of pay at each employee's applicable regular rate of compensation for each day that Defendants did not provide Plaintiff and members of the Meal Period Class with a 30-minute, duty-free meal period before the commencement of their sixth hour of work or a second 30-minute, duty-free meal period before the commencement of their eleventh hour of work.

CLASS AND REPRESENTATIVE ACTION COMPLAINT

107. Instead, on information and belief, Defendants have a common policy and practice of failing to compensate Plaintiff and members of the Meal Period Class with an hour of pay at their applicable regular rate of pay for the times that Defendants did not provide Plaintiff and members of the Meal Period Class with a 30-minute, duty-free meal period before the commencement of their sixth hour of work or a second 30-minute, duty-free meal period before the commencement of their eleventh hour of work, as required by Labor Code § 226.7(b) and the IWC Wage Order.

108. Thus, on information and belief, Defendants intentionally refused to perform its obligations to provide meal periods and further failed to compensate Plaintiff and members of the Meal Period Class Class with all owed meal premium wages as set forth by Labor Code § 226.7(b) and the IWC Wage Order.

109. Plaintiff and members of the Meal Period Class suffered and continue to suffer losses related to Defendants' failure to pay an additional hour of pay for each day a legally compliant meal period was not provided and the associated use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code and IWC Wage Order violations.

110. Plaintiff seeks all available remedies for Defendants' violations, including, but not limited to, all wages due, monies, and interest to the extent permitted by law.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REST PERIODS**
**(Violation of Labor Code §§ 226.7 and 1198 and the "Rest Periods" section of IWC Wage Order No. 9-2001)**
**By Plaintiff and the Rest Period Class Against All Defendants**

111. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

112. Labor Code § 226.7 requires employers, including Defendants, to provide to their employees, including Plaintiff, paid rest periods as mandated by the IWC Wage Orders.

113.   Labor Code § 1198 states that the "maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

114.   The "Rest Periods" section of IWC Wage Order No. 9 states, "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."  It further states, "[a]uthorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

115.   On information and belief, Plaintiff and members of the Rest Period Class are and were subject to the same policies, practices, and procedures governing the provision and scheduling of rest periods.

116.   Plaintiff and members of the Rest Period Class were not authorized and permitted to take compliant rest periods because Defendants required a mandatory security check before leaving the building, and required them to perform job duties during a required duty-free rest period. Furthermore, Plaintiff and, on information and belief, other similarly situated employees were prevented from leaving the company premises at any time during their shifts, including rest periods. Thus, as a result of Defendants' policies, Plaintiff's and Rest Period Class Members' rest periods were regularly short and/or on duty.

117.   Labor Code § 226.7(c) states, "[i]f an employer fails to provide an employee a ... rest ... period in accordance with a state law... the employer shall pay the employee one

29

1  additional hour of pay at the employee's regular rate of compensation for each workday

2  that the .... rest ... period is not provided."

3    118.  Even though Plaintiff and members of the Rest Period Class were not

4  authorized and permitted to take off-duty rest periods, Defendants did not Plaintiff and

5  members of the Rest Period Class appropriate rest period premium wages for each day in

6  which Defendants did not authorize and permit Plaintiff and members of the Rest Period

7  Class to take compliant rest periods, in violation of Labor Code § 226.7 and the applicable

8  IWC Wage Order.

9    119.  Defendants have a common policy, pattern, and practice of failing to

10  compensate Plaintiff and members of the Rest Period Class with an hour of pay at their

11  regular rate of pay for the times that Plaintiff and members of the Rest Period Class were

12  not authorized to take timely off-duty rest periods of at least 10 minutes for each four-hour

13  work period, or major fraction thereof.

14    120.  Plaintiff and members of the Rest Period Class suffered and continue to

15  suffer losses related to Defendants' failure to pay an additional hour of pay for each day a

16  rest period was not provided and the associated use and enjoyment of compensation due

17  and owing to them as a direct result of Defendants' Labor Code and IWC Wage Order

18  violations.

19    121.  Plaintiff seeks all available remedies for Defendants' violations including, but

20  not limited to any and all wages due, monies, and interest, to the extent permitted by law.

21
     **FIFTH CAUSE OF ACTION**
22  **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
23  **(Violation of Labor Code §§ 226, and 1198 and the "Records" section of the**
     **IWC Wage Order No. 9-2001)**
24  **By Plaintiff and the Wage Statement Class Against All Defendants**

25    122.  Plaintiff re-alleges and incorporates by reference the allegations contained in

26  the paragraphs above, as though fully set forth herein.

27    123.  Labor Code § 226(a) requires that employers, including Defendants, furnish

28  their employees with each wage payment an accurate and itemized writing that shows gross

30

1  wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of

2  the period for which the employee is paid, the name of the employee and the portion of his

3  or her social security number, the name and address of the legal entity that is the employer,

4  and all applicable hourly rates in effect during the pay period and the corresponding

5  number of hours worked at each hourly rate by the employee.

6      124.   Labor Code § 226(e), in part, permits employees suffering injury to collect

7  the greater of all actual damages or the amount specified in Labor Code § 226 per violation.

8      125.   Labor Code § 226(e)(2)(B) states, in pertinent part, "an employee is deemed

9  to suffer injury for purposes of this subdivision if the employer fails to provide accurate and

10  complete information as required by any one or more of items (1) to (9), inclusive, of

11  subdivision (a) and the employee cannot promptly and easily determine from the wage

12  statement alone one or more of the following: (i) The amount of the gross wages or net

13  wages paid to the employee during the pay period or any of the other information required

14  to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6),

15  and (9) of subdivision (a)."

16      126.   Labor Code § 226(h) states, "An employee may also bring an action for

17  injunctive relief to ensure compliance with this section, and is entitled to an award of costs

18  and reasonable attorney's fees."

19      127.   Defendants knowingly and intentionally failed to provide Plaintiff and

20  members of the Wage Statement Class with accurate itemized wage statements with each

21  wage payment as required by Labor Code § 226(a). Defendants knowingly and

22  intentionally failed to provide Plaintiff and members of the Wage Statement Class with

23  each wage payment an accurate wage statement showing, among other things, the total

24  regular and overtime hours worked during the pay period, the corresponding gross and net

25  wages earned, all applicable hourly rates and the corresponding number of hours worked at

26  each hourly rate.

27      128.   Defendants' failure to provide accurate wage statements deprived Plaintiff

28  and members of the Wage Statement Class of the ability to promptly and easily understand

31

1   and question the calculation and rate of pay and hours used to calculate the wages paid by

2   Defendants. Plaintiff and members of the Wage Statement Class, therefore, had no way to

3   dispute any error in the payment or calculation of their wages, all of which resulted in an

4   unjustified economic enrichment to Defendants, and Plaintiff and members of the Wage

5   Statement Class suffered actual damages as a result.

6        129. Defendants' failure to provide accurate itemized wage statements constitutes

7   an injury as defined under Labor Code § 226(e)(2)(B). Therefore, Plaintiff and members of

8   the Wage Statement Class have suffered an injury for purposes of Labor Code § 226 and

9   are entitled to recover the greater of all actual damages or the amount specified in § 226

10   per violation.

11        130. Plaintiff and members of the Wage Statement Class suffered and continue to

12   suffer injuries, losses and actual damages as a direct result of Defendants' Labor Code

13   violations, including lost interest on such wages, and expenses and attorney's fees in

14   seeking to compel Defendants to fully perform its obligations, in an amount to be shown

15   according to proof at trial.

16        131. Plaintiff seeks to recover all available remedies including, but not limited to

17   damages, penalties, attorney's fees, costs, and injunctive relief to the fullest extent

18   permitted by law.

19   <div align="center">**SIXTH CAUSE OF ACTION**</div>

20   <div align="center">**FAILURE TO PAY ALL WAGES WITHIN A TIMELY MANNER**
**[Cal. Labor Code § 204]**</div>

21   <div align="center">**On behalf of Plaintiff and the Class Against All Defendants**</div>

22        132. Plaintiff incorporates by this reference, as though fully set forth herein, the

23   preceding paragraphs of this Complaint.

24        133. California Labor Code § 200 provides that "'wages' include all amounts for

25   labor performed by employees of every description, whether the amount is fixed or

26   ascertained by the standard of time, task, pieces, commission basis, or other method of

27   calculation."

28

<div align="center">32</div>

134.   California Labor Code § 204 states that all wages earned by any person in any employment are payable twice during the calendar month, and must be paid not more than seven days following the close of the period when the wages were earned.

135.   Defendants, as a matter of established company policy and procedure, in the State of California, scheduled, required, suffered, and/or permitted Plaintiff and other members of the Class, to work during payperiods, and not compensate them for their work within seven days of the close of payroll.

136.   In addition, Defendants, as a matter of established company policy and procedure in the State of California, scheduled, required, suffered and/or permitted Plaintiff and the members of the Class to work without compensation for pre and post shift activities including security checks, and failed to pay Plaintiff and the members of the Class, for their hours worked, and rest period premiums within seven days of the close of payroll, as required by law.

137.   Defendants, as a matter of established company policy and procedure in the State of California, falsely deny they owe Plaintiff and the other members of the Class these wages, with the intent of securing for itself a discount upon its indebtedness and/or to annoy, harass, oppress, hinder, delay, and/or defraud Plaintiff and the Class Members.

138.   Defendants' pattern, practice and uniform administration of its corporate policy of illegally denying employees compensation, as described herein, is unlawful and entitles Plaintiff and members of the Class, to recover, pursuant to California Labor Code § 218, the unpaid balance of the compensation owed to them in a civil action.

139.   Pursuant to California Labor Code § 218.6 and to Cal. Civ. Code §§ 3287 (b) and 3289, Plaintiff and members of the Class, seek to recover pre-judgment interest on all amounts recovered herein.

140.   Pursuant to California Labor Code § 218.5, Plaintiff and members of the Class, request that the Court award them reasonable attorneys' fees and the costs incurred by them in this action, as well as any statutory penalties Defendants may owe under the California Labor Code and/or any other statute.

33

**SEVENTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**[Business And Professions Code § 17200, *et seq*.]**
**By Plaintiff and the Class Against All Defendants**

141.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

142.   Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

143.   Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years.

144.   Section 90.5(a) of the Labor Code states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

145.   As a direct and proximate result of Defendants' unlawful business practices, Plaintiff and the Class Members have suffered economic injuries. Defendants have profited from its unlawful, unfair, and/or fraudulent acts and practices.

146.   Plaintiff and similarly situated Class Members are entitled to monetary relief pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid wages, overtime compensation, meal period premiums, and rest period premiums, due and interest thereon, from at least four years prior to the filing of this complaint through to the date of such restitution, at rates specified by law.  Defendants should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

34

147.   Through its actions alleged herein, Defendants have engaged in unfair competition within the meaning of section 17200 of the California Business & Professions Code, because Defendants' conduct, as herein alleged has damaged Plaintiff and the Class Members by wrongfully denying them wages due for time spent in security checks, walking to their workstations, including overtime compensation, and wrongfully denying them missed meal period and rest period premiums for on-duty meal periods and rest periods, and therefore was substantially injurious to Plaintiff and the Class Members.

148.   Defendants engaged in unfair competition in violation of sections 17200 et seq. of the California Business & Professions Code by violating Sections 1194 and 226.2 of the California Labor Code, and Section 12 of the IWC Wage Order No. 9.

149.   Defendants' course of conduct, act and practice in violation of the California laws mentioned above constitute independent violations of sections 17200 et seq. of the California Business and Professions Code.

150.   Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

151.   Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of themselves and other similarly situated Class Members previously or presently employed by Defendants in California.  Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5, and Labor Code § 1194.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF THE PRIVATE ATTORNEY GENERALS ACT OF 2004**
**[Labor Code § 2698, et seq.]**
**On Behalf of Plaintiff and the aggrieved employees against Defendant VF Outdoor, LLC**

35

152.   Plaintiff, on behalf of himself and all aggrieved employees, realleges and incorporates by reference all previous paragraphs.

153.   Based on the above allegations incorporated by reference, Defendants have violated Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 512, 510, 1194, 1194.2, 1197, 1197.1, 1198,[4] 1199 as well as IWC Wage Order No. 9-2001.

154.   Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

$100 for the initial violation per employee per pay period; and

$200 for each subsequent violation per employee per pay period.

These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency (LWDA) and twenty-five percent (25%) to the affected employees. These penalties may be stacked separately for each of Defendants violations of the California Labor Code. *See e.g. Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx) 2012 U.S.Dist. LEXIS 86975, at *59, fn. 77 (C.D.Cal. June 22, 2012) (holding that although the plaintiff did not seek stacked PAGA penalties, that "PAGA penalties can be 'stacked,' *i.e.,* multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."); *See Lopez v. Friant & Assocs., LLC*, No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26, 2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1) and acknowledging that a Plaintiff could recover separately under PAGA for violations of Labor Code §§ 226(a) and 226(e)); *accord Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO) 2010 U.S. Dist. LEXIS 81128, at *17 (E.D. Cal. July 14, 2010); *Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 U.S. Dist. LEXIS 72659, 2008 WL 3863489, at * 2-

---

[4] All alleged violations of IWC Wage Orders 9-2001 are also deemed to be alleged violations of Labor Code §§ 1197 and 1198.

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1   3 (E.D. Cal. Aug. 19, 2008); *Smith v. Brinker Intern, Inc.*, No. C 10-0213 VRW, 2010 U.S.

2   Dist. LEXIS 54110, 2010 WL 1838726, at * 2-6 (N.D. Cal. May 5, 2010).

3        155.   In addition, to the extent permitted by law, Plaintiff failed to provide Plaintiff

4   and all aggrieved employees with accurate itemized wage statements in compliance with

5   Labor Code § 226(a). Plaintiff seeks separate PAGA penalties for Defendants' violations of

6   Labor Code §§ 226(a) and 226(e). *Lopez v. Friant & Assocs., LLC*, 15 Cal.App.5th 773, 788

7   (2017); *Bell v. Home Depot U.S.A.* (E.D. Cal. Dec. 11, 2017) No. 2:12-cv-02499 JAM-CKD,

8   2017 U.S. Dist. LEXIS 204493, at *5 [finding after Friant that "[t]o the extent the Court's

9   Order [granting summary judgment to Home Depot] was ambiguous, the Court now

10   clarifies that it granted summary judgment on Plaintiffs' derivative claim for [PAGA]

11   penalties under section 226(e)...the Court's Order should not be read to grant summary

12   judgment on Plaintiffs' claim for PAGA penalties based on violation of section 226(a)."]).

13   For violations of Labor Code § 226(a), Plaintiff seeks the default penalty provided by Labor

14   Code § 226.3. Labor Code § 226.3 provides that "[a]ny employer who violates subdivision

15   (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty

16   dollars ($250) per employee per violation in an initial violation and one thousand dollars

17   ($1,000) per employee for each violation in a subsequent citation, for which the employer

18   fails to provide the employee a wage deduction statement or fails to keep the required in

19   subdivision (a) of Section 226." Accordingly, through PAGA and to the extent permitted by

20   law Plaintiff and the aggrieved employees are entitled to recover penalties for violations of

21   Labor Code § 226.3 and seeks default PAGA penalties for each of Defendants' numerous

22   violations of Labor Code § 226(e).

23        156.   Pursuant to Labor Code § 2699.3 (a), on June 20, 2019, Plaintiff gave

24   written notice by certified mail to Defendant, and to the LWDA of her claims for violations

25   of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 512, 510, 1194, 1194.2, 1197,

26   1197.1, 1198, 1199 as well as IWC Wage Order No. 9-2001, and theories supporting these

27   claims as alleged herein. As of the date of this Complaint, the LWDA has not responded to

28   Plaintiff's PAGA letter. Accordingly, Plaintiff has fulfilled all administrative prerequisites

to the filing and pursuit of her PAGA claims on herself and all other current and former Aggrieved Employees of Defendant.

157.   As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 2699, et seq. because of Defendants' violation of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 512, 510, 1194, 1194.2, 1197, 1197.1, 1198, 1199 as well as IWC Wage Order No. 9-2001.

**JURY DEMAND**

158.   Plaintiff hereby demands trial by jury of her and the Class' claims against Defendants.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and the members of the Class, pray for judgment against Defendants as follows:

1.   An Order than this action may proceed and be maintained as a class action;

2.   <u>On the First Cause of Action:</u>

a.   A declaratory judgment that Defendants violated sections 1194, 1194.2 of the California Labor Code by failing to pay Plaintiff and other members of the Unpaid Time Class for all hours worked;

b.   An award to Plaintiff and the other members of the Unpaid Time Class in the amount of their unpaid wages owed to them for pre-shift and post-shift activities, including security checks and walking to their workstations, plus interest; and/or liquidated damages;

c.   An award to Plaintiff and the Class Members of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

3.   <u>On the Second Cause of Action:</u>

a.   A declaratory judgment that Defendants violated sections 510, 1194, 1194.2 of the California Labor Code by failing to pay Plaintiff and other members of the Overtime Class for all compensation for all hours worked in excess of eight hours in a day or

38

1    forty hours in a workweek at the proper overtime rate;

2           b.    An award to Plaintiff and the other members of the Overtime Class in

3    the amount of their unpaid overtime compensation owed to them plus interest; and/or

4    liquidated damages;

5           c.    An award to Plaintiff and the Overtime Class Members of their

6    attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to,

7    section 1194 of the California Labor Code and section 1021.5 of the California Code of

8    Civil Procedure;

9        4.    On the Third Cause of Action:

10          a.    A declaratory judgment that Defendants violated California Labor

11   Code §§ 226.7 512, and Section 11 of IWC Wage Order No. 9-2001;

12          b.    Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the

13   Meal Period Class Members for an hour of pay for each day that an off-duty meal period

14   was not provided during the Class Period;

15       5.    On the Fourth Cause of Action:

16          c.    A declaratory judgment that Defendants violated California Labor

17   Code § 226.7, and Section 12 of IWC Wage Order No. 9-2001;

18          d.    Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the

19   Rest Period Class for an hour of pay for each day that a paid off-duty rest period was not

20   provided during the Class Period;

21       6.    On the Fifth Cause of Action:

22          a.    A declaratory judgment that Defendants violated California Labor

23   Code § 226 and 226.3 by issuing inaccurate and/or incomplete wage statements;

24          b.    An award to Plaintiff and Wage Statement Class Members of $50 for

25   each initial pay period in which a violation of Section 226 occurred and $100 for each

26   subsequent pay period in which a violation of Section 226 occurred, not to exceed $4,000

27   for each member of the Class, as well as an award of costs and reasonable attorney's fees,

28   pursuant to Labor Code § 226(e).

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1   6.   On the Sixth Cause of Action:

2       a.   A declaratory judgment that Defendants violated California Labor

3   Code § 204 by paying Plaintiff, and the Class less than what was owed more than seven

4   days after the close of payroll.

5       b.   For compensatory damages, including lost wages, bonuses, and other

6   losses, according to proof,

7       c.   For general damages, according to proof;

8       d.   For an award of interest, including prejudgment interest at the legal

9   rate;

10      e.   For statutory damages, including reasonable attorneys' fees and costs

11  of suit.

12  8.   On the Seventh Cause of Action:

13      a.   That the Court find and declare that Defendants have violated the

14  UCL and committed unfair and unlawful business practices by failing to pay Plaintiff and

15  Class Members on a for all hours worked, failing to pay overtime compensation for hours

16  worked in excess of eight in a day or forty hours in a workweek, and by failing to pay missed

17  meal break premiums and rest break premiums;

18      b.   Restitution, including, but not limited to, the relief permitted by

19  sections 510, 1194, 226.7 of the California Labor Code (i.e., pay as specified for security

20  checks, work in excess of eight hours in a day and forty hours in a workweek and rest period

21  premiums, to Plaintiff and the members of the Class during the Class Period);

22  9.   On the Ninth Cause of Action:

23      a.   For penalties and other relief allowable under Labor Code § 2699, *et*

24  *seq.* for Plaintiff and all aggrieved employees because of Defendants' violation of Labor

25  Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 1194, 1197, 1198, and

26  1199, as well as IWC Wage Order 9-2001;

27      b.   A civil penalty against Defendants in the amount of $100 for the

28  initial violation and $200 for each subsequent violation as specified in section 2699(f)(2) of

40

1   the California Labor Code for Plaintiff and all aggrieved employees for each and every pay

2   period during that occurred between June 13, 2018 through trial;

3      c. A civil penalty against Defendants, pursuant to Labor Code § 1197.1

4   for the initial violation that is intentionally committed, in the amount of one hundred

5   dollars ($100) for each underpaid employee for each pay period for which the employee is

6   underpaid and for each subsequent violation, two hundred fifty dollars ($200) for each

7   underpaid employee for each pay period for which the employee is underpaid regardless of

8   whether the initial violation was intentionally committed, for Plaintiff and all aggrieved

9   employees for each and every payperiod during that occurred between June 20, 2018

10  through trial;

11     d. A civil penalty against Defendants pursuant to Labor Code § 210 for

12  the initial violation that is committed, in the amount of one hundred dollars ($100) for each

13  underpaid employee for each pay period for which the employee is underpaid and for each

14  subsequent violation, two hundred dollars ($250) for each underpaid employee for each

15  pay period for which the employee is underpaid, for Plaintiff and all aggrieved employees

16  for each and every payperiod during that occurred between June 13, 2018 and the date of

17  judgment and/or approval of settlement;

18     e. A civil penalty against Defendants pursuant to Labor Code § 226.3 for

19  the initial violation that is committed, in the amount of two hundred fifty dollars ($250) for

20  the initial each inaccurate wage statement provided to Plaintiff and the Aggrieved

21  Employees and for each subsequent violation, one thousand dollars ($1000) for each

22  underpaid employee for each pay period for which the employee is provided an incomplete

23  or inaccurate wage statement, for Plaintiff and all aggrieved employees for each and every

24  pay period during that occurred between June 13, 2018 and the date of judgment and/or

25  approval of settlement;

26     f. An award of reasonable attorney's fees against Defendants as

27  specified in Labor Code § 2699(g)(1), for all the work performed by the undersigned

28  counsel in connection with the PAGA claims;

41

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1         g.    An award of all costs incurred by the undersigned counsel for Plaintiff

2    in connection with Plaintiff's and the aggrieved employees' claims against Defendants as

3    provided for in Labor Code § 2699(g)(1);

4        10.    Such other and further relief as this Court may deem proper and just.

5

6    Dated: August 26, 2019          Respectfully,

7                      POTTER HANDY LLP.

8

9

10

11                 By:    James M. Treglio
                       Counsel for Plaintiff, the Aggrieved Employees

12                     and the Class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND REPRESENTATIVE ACTION COMPLAINT

Exhibit B

SUM-100

## Amended SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VF OUTDOOR, LLC., a California limited liability company, and
DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRIANA VALENCIA, an individual, on behalf of all persons similarly
situated on behalf of the State of California (See Attachment)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 3

CLERK OF THE SUPERIOR COURT
By _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse | CASE NUMBER: *(Número del Caso):* HG19032747 |
|---|---|

1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
POTTER HANDY LLP, 8033 Linda Vista Road, Suite 200, San Diego, CA 92111, (858) 375-7385

| DATE: *(Fecha)* SEP 2 3 2019 | Clerk, by *(Secretario)* Darrell G. Drey | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: Valencia vs. VF Outdoor, LLC, et al. | CASE NUMBER: HG19032747 |
| --- | --- |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

as a private attorney general, and on behalf of all aggrieved employees,

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mark D. Potter SBN 166317; James M. Treglio (SBN 228077)<br>POTTER HANDY, LLP<br>P.O. Box 262490<br>San Diego, CA 92196-2490<br>TELEPHONE NO.: (858) 375-7385      FAX NO.: (888) 422-5191<br>ATTORNEY FOR *(Name):* Plaintiff, BRIANA VALENCIA | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>AUG 27 2019<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Roni Gill |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA |
| STREET ADDRESS: |
| MAILING ADDRESS: 1225 Fallon Street |
| CITY AND ZIP CODE: Oakland, California 94612 |
| BRANCH NAME: Rene C. Davidson Courthouse |

| CASE NAME:<br>Valencia vs. VF Outdoor, LLC, et al. | |
|---|---|
| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: **HG 19032747** |
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: HG 19032747 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 8
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 26, 2019

James M. Treglio
_____ ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark D. Potter SBN 166317); James M. Treglio (SBN 228077)<br>POTTER HANDY, LLP<br>8033 Linda Vista Road, Suite 200<br>San Diego, CA 92111 | |

TELEPHONE NO.: (858) 375-7385          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):* JimT@PotterHandy.com

ATTORNEY FOR *(Name):* Plaintiff, BRIANA VALENCIA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: BRIANA VALENCIA

DEFENDANT/RESPONDENT: VF OUTDOOR, LLC, et al.

| | |
|---|---|
| CASE NUMBER:<br>                     HG19032747 | |
| JUDICIAL OFFICER: | |
| **NOTICE OF CHANGE OF ADDRESS OR OTHER<br>CONTACT INFORMATION** | DEPT.: |

1. **Please take notice** that, as of *(date):*
   ☐ the following self-represented party or
   ☑ the attorney for:
      a. ☑ plaintiff *(name):* Briana Valencia
      b. ☐ defendant *(name):*
      c. ☐ petitioner *(name):*
      d. ☐ respondent *(name):*
      e. ☐ other *(describe):*

   has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.
   ☐ A list of additional parties represented is provided in Attachment 1.

2. The **new address** or other contact information for *(name):*
   is as follows:
   a. Street: 8033 Linda Vista Road, Suite 200
   b. City: San Diego
   c. Mailing address *(if different from above):*
   d. State and zip code: California 92111
   e. Telephone number:
   f. Fax number (if available):
   g. E-mail address (if available):

3. **All notices and documents** regarding the action should be sent to the above address.

   Date:

   James Treglio                                     ▶ *Jim Treglio*
   _____                          _____
   (TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY)

Form Approved for Optional Use
Judicial Council of California
MC-040 [Rev. January 1, 2013]

**NOTICE OF CHANGE OF ADDRESS OR OTHER
CONTACT INFORMATION**

Cal. Rules of Court, rules 2.200 and 8.816
www.courts.ca.gov

**MC-040**

| PLAINTIFF/PETITIONER: BRIANA VALENCIA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: VF OUTDOOR, LLC, et al. | HG19032747 |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
#### NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION

*(NOTE: This page may be used for proof of service by first-class mail of the Notice of Change of Address or Other Contact Information. Please use a different proof of service, such as Proof of Service—Civil (form POS-040), if you serve this notice by a method other than first class-mail, such as by fax or electronic service. You cannot serve the Notice of Change of Address or Other Contact Information if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. At the time of service, I was at least 18 years old and **not a party to this action.**

2. I am a resident of or employed in the county where the mailing took place. My residence or business address is *(specify):*
   8033 Linda Vista Road, Suite 200
   San Diego, CA 92111

3. I served a copy of the *Notice of Change of Address or Other Contact Information* by enclosing it in a sealed envelope addressed to the persons at the addresses listed in item 5 and *(check one):*
   a. ☑ deposited the sealed envelope with the United States Postal Service with postage fully prepaid.
   b. ☐ placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The *Notice of Change of Address or Other Contact Information* was placed in the mail:
   a. on *(date):* September 20, 2019
   b. at *(city and state):* San Diego, CA

5. The envelope was addressed and mailed as follows:

   a. Name of person served:
   Fisher & Phillips LLP
   Street address: 440 South Flower St., Suite 1500
   City: Los Angeles
   State and zip code: California 90071

   b. Name of person served:

   Street address:
   City:
   State and zip code:

   c. Name of person served:

   Street address:
   City:
   State and zip code:

   d. Name of person served:

   Street address:
   City:
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 20, 2019

Sonia Hayes
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)