# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANA VALENCIA, an individual, on behalf of all persons similarly situated on behalf of the State of California, as a private attorney general, and on behalf of all aggrieved employees,<br><br>     Plaintiff,<br><br>  v.<br><br>VF OUTDOOR, LLC, a California limited liability company, and DOES 1 to 50, inclusive,<br><br>     Defendant.<br>_____/ | Case No. 1:20-cv-01795-DAD-SKO<br><br>**ORDER CONTINUING DEADLINE FOR HEARING ON AND PLAINTIFF'S OPPOSITION TO MOTION TO DENY CLASS CERTIFICATION**<br><br>(Doc. 57) |

On September 8, 2021, Plaintiff filed an "Ex Parte Application to Continue Hearing Date on Motion to Deny Class Certification," which purported to seek ex parte relief pursuant to an out-of-district local rule to continue the hearing on Defendant's motion to deny class certification, which is set for October 6, 2021, and thus extend the time in which to file Plaintiff's response in opposition thereto. (Doc. 54.)

By order entered September 9, 2021, the Court denied the ex parte relief, and "***highly encouraged***" the parties to "meet and confer regarding Plaintiff's request to avoid further burdening the Court (which carries one of the heaviest caseloads in the nation)." (Doc. 56 (emphasis in original).) The Court further advised that to the extent the parties were unable to agree, Plaintiff

1  could proceed in accordance with this Court's Local Rule 144(c). (*Id*.)

2  Instead of reaching an agreement on a continuance and after meeting and conferring (albeit exclusively via email correspondence),[1] Plaintiff filed an affidavit of counsel pursuant to Local Rule 144(c) requesting a continuance of the hearing on Defendant's motion to deny class certification to November 10, 2021, which would thereby extend Plaintiff's opposition deadline to November 3, 2021, *see* E.D. Cal. Local Rule 230(c). (Doc. 57.) Defendant filed objections to Plaintiff's counsel's affidavit on September 15, 2021. (Doc. 59.)

Plaintiff's position is that hearing on Defendant's motion to deny class certification, and thus her opposition deadline thereto, should be continued to allow time for Plaintiff to prepare her opposition with the benefit of testimony from Defendant's corporate representative David Wood, whose deposition is scheduled the same day as the hearing date. (*See* Doc. 57 ¶ 14.) Plaintiff asserts that she sought Mr. Wood's availability for deposition prior to the current opposition deadline, but Defendant refused. (*See id*.) According to Plaintiff, Mr. Wood's testimony will "provide clarity as to which putative class members signed which arbitration agreement, the terms of each arbitration agreement, and when the agreement was entered into," which information "has, thus far, never been provided to Plaintiff under oath." (*See id*. ¶ 15.)

Defendant objects to Plaintiff's request for continuance of the hearing and opposition deadline because it has already provided all the data Plaintiff seeks regarding which putative class members signed arbitration agreements and is further willing to authenticate the data. (Doc. 59 at 2.) Thus, according to Defendant, Mr. Wood's deposition is "moot" and "not needed." (*Id* at 3.)

Having considered both parties' arguments, the Court finds that Plaintiff has met her burden of showing good cause pursuant to Local Rule 144(c) for the continuance. While Defendant now asserts that Mr. Wood's deposition is "unnecessary" in light of its proffer of data, it nonetheless has agreed to designate him as a witness under Fed. R. Civ. P. 30(b)(6) and to present him for deposition on October 6, 2021, without objection.[2] In addition, while Defendant observes that "motions to

---

[1] The parties are advised that this Court expects *meaningful* meet and confer efforts in the future, which entail, in addition to any written correspondence the parties may engage in, that the parties speak with each other about their dispute. This requirement may be accomplished in person, over the telephone or through videoconferencing.

[2] While Defendant objected to the date Mr. Wood's deposition was previously scheduled, it did not object to the deposition itself. (*See* Doc. 57-9.)

compel arbitration are routinely decided without any discovery" (Doc. 59 at 3), motions to deny class certification, at issue here, are not.  *See, e.g, Bulka v. Mondelez Group, LLC*, Case No. 3:19-CV-02082-YY, 2021 WL 4143909, at *3 (D. Or. Aug. 9, 2021) ("[W]hile a defendant may file a motion to deny class certification before the close of fact discovery and before the pretrial motion deadline, such a motion is disfavored and may be denied as premature.") (internal citations and quotations omitted).  *See also id.* ("The Ninth Circuit has also commented that '[t]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable.'") (quoting *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)).  Accordingly, Plaintiff's request to continue the hearing on Defendant's motion to deny class certification, and thus the date by which to file her opposition thereto, is GRANTED.

The request, however, is DENIED with respect to the length of the continuance.  The Court finds that continuing the hearing to November 3, 2021, allows sufficient time—two weeks—for Plaintiff to incorporate Mr. Wood's deposition testimony into her opposition brief.

Based on the forgoing, the hearing on Defendant's motion to deny class certification (Doc. 53) is hereby **CONTINUED to November 3, 2021**.  Plaintiff's opposition to the motion shall be filed **by no later than October 20, 2021**, and Defendant's reply to Plaintiff's opposition shall be filed **by no later than October 27, 2021**.  *See* E.D. Cal. L.R 230(c), (d).

IT IS SO ORDERED.

Dated:     **September 16, 2021**                        /s/ *Sheila K. Oberto*
                                                                                UNITED STATES MAGISTRATE JUDGE