1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

20

BRIANA VALENCIA, an individual, on behalf of all persons similarly situated on behalf of the State of California, as a private attorney general, and on behalf of all aggrieved employees,

Plaintiff,

v.

VF OUTDOOR, LLC, a California limited liability company, and DOES 1 to 50, inclusive,

Defendant.

No. 1:20-cv-01795-DAD-SKO

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION

(Doc. 53)

**FOURTEEN (14) DAY DEADLINE**

21

22

23

24

25

26

27

28

Before the Court is Defendant VF Outdoor, LLC's motion to deny class certification, filed September 3, 2021.[1]  (Doc. 53.)  After being granted an extension of time (*see* Doc. 60), Plaintiff Briana Valencia filed her opposition on October 20, 2021, and Defendant replied on October 27, 2021.   (Docs. 61 & 62.)   The undersigned reviewed the motion, opposition, reply, and all supporting papers, and found the matter suitable for decision without oral argument pursuant to U.S. District Court for the Eastern District of California's Local Rule 230(g).  The hearing set for

---

[1] The motion was referred to the undersigned magistrate judge for findings and recommendation pursuant to 28 U.S.C. § 636(b).  (*See* Doc. 43-2 at 3.)

1

1  November 3, 2021, was therefore VACATED.  (Doc. 63.)

2       For the reasons set forth below, the Court RECOMMENDS that Defendant's motion to

3  deny class certification be GRANTED based on the classes as currently defined and proposed to

4  be represented by Plaintiff Briana Valencia.

5  

**I.      BACKGROUND**

6       Defendant VF Outdoor, LLC ("Defendant" or "VF Outdoor") is an apparel, footwear, and

7  accessories company that owns and distributes several clothing brands, including "Vans,"

8  "Timberland," "The North Face," "Dickies," and "Jansport."  (Doc. 1-1 ¶ 11; Doc. 53-1 at 9; Doc.

9  61 at 10.)  Defendant's products are shipped to various distribution centers located in California

10  and then distributed to various retail establishments within the State.  (Doc. 61 at 8.)  Defendant

11  currently employs Plaintiff Briana Valencia ("Plaintiff") as an hourly, non-exempt employee at

12  its distribution center in Visalia, California.  (Doc. 1-1 ¶ 7; Doc. 53-1 at 7; Doc. 61 at 10.)  Plaintiff

13  alleges that Defendant requires its employees, upon arrival and prior to clocking-in, to undergo a

14  "security check wherein their bags are searched" and thereafter walk to their assigned

15  workstations.  (Doc. 1-1 ¶ 25; Doc. 61 at 12.)  Plaintiff also alleges that Defendant requires its

16  employees, after clocking-out for the day or for a meal period, to walk to the front of the building

17  and undergo a "post-shift security check."  (*Id.* ¶ 26; Doc. 61 at 12.)  According to Plaintiff, these

18  two processes take approximately 20 minutes each for employees to complete, for which they are

19  not compensated.  (*Id.* ¶¶ 25–26; Doc. 61 at 12.)

20       On August 27, 2019, Plaintiff filed this putative class and representative action in Alameda

21  County Superior Court, alleging: (1) failure to pay minimum wages; (2) failure to pay overtime

22  compensation; (3) failure to provide rest periods; (4) failure to provide meal periods; (5) failure

23  to pay wages owed in a timely manner; (6) failure to provide accurate wage statements; (7) unfair

24  business practices in violation of California's Unfair Competition Law; and (8) penalties under

25  the Private Attorneys General Act.  (*See* Doc. 1-1 ¶¶ 71–157.)  Plaintiff ultimately seeks to certify

26  classes under Fed. R. Civ. P. 23 comprised of:

27       a.    all individuals who are or were employed by VF Outdoor, LLC, or its
         predecessor or merged entities in California as hourly, non-exempt

28

employees, who were required by VF Outdoor LLC to undergo pre-shift and post-shift security checks between August 26, 2015 and the present date ("Unpaid Time Class");

b.    all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by Defendant to undergo pre-shift and post-shift security checks and who work or worked in excess of eight hours in a day or forty hours in a workweek between August 26, 2015 and the present date ("Overtime Class");

c.    all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by Defendant to undergo pre-shift and post-shift security checks and who work or worked shifts in excess of five hours between August 26, 2015 and the present date ("Meal Period Class");

d.    all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees who work or worked shifts in excess of three and a half hours between August 26, 2015 and the present date ("Rest Period Class"); [and]

e.    all individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees from between August 26, 2018 and the present date ("Wage Statement Subclass").

(Doc. 1-1 ¶ 3. *See also* Doc. 61 at 10–11.)  On October 28, 2019, Defendant removed the action to federal court, invoking jurisdiction under the Class Action Fairness Act (CAFA).  (Doc. 1.) Defendant thereafter filed a motion to transfer the action to this Court, which was granted on December 17, 2020.  (Docs. 31 & 41.)

Prior to the commencement of this lawsuit, Defendant implemented a "pre-dispute arbitration agreement" (the "Arbitration Agreement") as part of its onboarding process for non-exempt employees in California.  (Doc. 53-1 at 9–10, 23–24; Doc. 53-2, Declaration of David Wood ("Wood Decl.") ¶¶ 4–5 and Ex. A.)  Defendant also distributed the Arbitration Agreement to existing employees at the time of its implementation.  (Doc. 53-1 at 10; Doc. 53-2, Wood Decl. ¶ 4.)   The Arbitration Agreement "covers any claim that arises out of or relates to the undersigned's employment with [Defendant],"including "all disputes, whether based on tort, contract, statute (including, but not limited to, any . . . wage and hour violations)."  (Doc. 53-1 at

3

24; Doc. 53-2, Wood Decl. ¶ 5 and Ex. A.)   The Arbitration Agreement also includes a class action waiver: "By signing this agreement, I am agreeing to waive any substantive or procedural rights that I may have to bring an action as a class or collective action." (*Id.*)   According to Defendant, approximately 1,348—or 59%—of the 2,291 putative class members have signed the Arbitration Agreement.[2]   (Doc. 53-1 at 10; Doc. 53-2, Wood Decl. ¶ 7.)   Plaintiff was presented with the Arbitration Agreement, but refused to sign it.   (Doc. 61 at 16; Doc. 61-1, Declaration of Briana Valencia ("Valencia Decl.") ¶ 7.)

Although Plaintiff has yet to file a motion for class certification, Defendant moves for an order denying certification, contending that Plaintiff cannot meet the prerequisites of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because she did not sign the Arbitration Agreement, whereas most of the putative class members have.   Because Plaintiff did not sign the Arbitration Agreement, Defendant asserts that Plaintiff will be unable to demonstrate typicality, adequacy, commonality, predominance, or superiority.

## II.   LEGAL STANDARD

"Before certifying a class, the trial court must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012) (citation omitted).   To obtain class certification, a proposed class must satisfy the numerosity, commonality, typicality, and adequacy prerequisites of Rule 23(a).   *See* Fed. R. Civ. P. 23(a).   The purpose of these requirements is to "ensure[] that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate," and to "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011).   In addition to meeting these four requirements, class actions must fall within one of the three types specified in Rule 23(b).   *See* Fed. R. Civ. P. 23(b); *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 985 (9th Cir. 2015).

Courts are required to determine whether to certify the action as a class action at "an early

---

[2] Plaintiff states in her opposition brief that 1,367 employees have signed the Arbitration Agreement.   (*See* Doc. 61 at 12, 18.)

practicable time." Fed. R. Civ. P. 23(c)(1)(A).  The Ninth Circuit has concluded that "[n]othing in the plain language of Rule 23(c)(1)(A) either vests plaintiffs with the exclusive right to put the class certification issue before the district court or prohibits a defendant from seeking early resolution of the class certification question."  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939–40 (9th Cir. 2009).  Accordingly, "Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny certification."  *Id*. at 939.

## III.      DISCUSSION

### A.    The Motion to Deny Class Certification is Not Premature

As an initial matter, Plaintiff contends that Defendant's motion is premature because it was brought "prior to the close of class certification discovery, and before Plaintiff has filed her motion for class certification."  (Doc. 61 at 14.)  Plaintiff points out that Defendant has neither "identif[ied] a single [c]lass [m]ember who signed the [A]rbitration [A]greement," nor produced "additional persons for deposition who were [sic] allegedly helped gather the signatures of [c]lass [m]embers for the [A]rbitration [A]greements."  (*Id*. at 15.)  The undersigned disagrees.

The Ninth Circuit has rejected Plaintiff's assertion that it is procedurally improper for a trial court to rule on a defense motion to deny class certification before a motion for class certification is filed.  *Vinole*, 571 F.3d at 941.  The undersigned also finds that the discovery identified by Plaintiff is not pertinent to the present motion to deny class certification.  "Where the necessary factual issues may be resolved without discovery, [pre-certification discovery] is not required."  *Doninger v. Pac. Nw. Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir. 1977) (denial of certification proper where 23(a) requirements could not be met regardless of the discovery undertaken and there was no "reasonable probability" that any of the section (b) hurdles could be overcome).  *See also Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.  Absent such a showing, a trial court's refusal to allow class discovery is

1    not an abuse of discretion.").  Here, Defendant's motion is premised solely on two facts: (1) a

2    majority of the putative class members signed the Arbitration Agreement; and (2) Plaintiff did

3    not.  Since neither is in dispute, discovery regarding the identities of the putative class members

4    who signed the Arbitration Agreement and the circumstances surrounding it is not germane to the

5    merits of Defendant's motion.[3]  *See Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 958

6    (N.D. Cal. 2017) (concluding that additional discovery was not required to decide defendants'

7    motion to deny class certification).  *See also Farr v. Acima Credit LLC*, No. 20-CV-8619-YGR,

8    2021 WL 2826709, at *7 (N.D. Cal. July 7, 2021) (rejecting need for additional discovery

9    regarding arbitration agreement to which the named plaintiff was not subject because "[n]one of

10   [the] information would change the Court's findings that plaintiff in particular cannot satisfy

11   typicality or adequacy with respect to the proposed class.").

12   **B.    Plaintiff Cannot Represent the Proposed Classes**

13         Defendant first contends that Plaintiff cannot satisfy the prerequisites of Rule 23(a) because

14   she is "atypical and an inadequate representative."  (Doc. 53-1 at 14.)  Rule 23(a)(3) requires that

15   "the [legal] claims or defenses of the representative parties [be] typical of the claims or defenses

16   of the class."  Fed. R. Civ. P. 23(a)(3).  "Typicality refers to the nature of the claim or defense of

17   the class representative and not on facts surrounding the claim or defense."  *Hunt v. Check*

18   *Recovery Sys., Inc*., 241 F.R.D. 505, 510 (N.D. Cal. 2007) (citing *Hanon v. Dataproducts Corp*.,

19   976 F.2d 497, 508 (9th Cir. 1992)).  "The test of typicality is whether other members have the

20   same or similar injury, whether the action is based on conduct which is not unique to the named

21   plaintiffs, and whether other class members have been injured by the same course of conduct."

22   *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) (internal quotation

23   marks and citation omitted).  The typicality requirement ensures that "the named plaintiff's claim

24   and the class claims are so interrelated that the interests of the class members will be fairly and

25   _____

       [3] The undersigned at this time declines Plaintiff's invitation to "order Defendant to identify which employees signed
26     the[] [Arbitration] [A]greements and give Plaintiff leave to find an additional representative to represent this subclass
       of persons."  (Doc. 61 at 9, 27.)  Such requests are not properly before the Court.  To the extent Plaintiff wishes to
27     pursue these requests, and in the event she is unable to reach agreement with Defendant after meaningfully meeting
       and conferring, they may be brought by noticed motion under the Local Rules or, in the event of a discovery dispute,
28     pursuant to the undersigned's informal discovery dispute resolution process, described here:
       https://www.caed.uscourts.gov/caednew/assets/File/SKO%20Web%20Info_revised_3_16_2020.pdf.

1     adequately protected in their absence."  *Gen Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13

2     (1982).

3          Rule 23(a)(4) imposes a closely related requirement to typicality: that the class

4     representative will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P.

5     23(a)(4).  To determine whether a named plaintiff will do so, the court must ask: "(1) do the

6     named plaintiffs and their counsel have any conflicts of interest with other class members and (2)

7     will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"

8     *Evon*, 688 F.3d at 1031 (quoting *Hanlon*, 150 F.3d at 1020); *see also Brown v. Ticor Title Ins*.,

9     982 F.2d 386, 390 (9th Cir. 1992) (noting that adequacy of representation "depends on the

10    qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests

11    between representatives and absentees, and the unlikelihood that the suit is collusive") (citations

12    omitted); Fed. R. Civ. P. 23(g)(1)(B) (stating that "class counsel must fairly and adequately

13    represent the interests of the class").  Because "the typicality and adequacy inquiries tend to

14    significantly overlap[,]" *Woods v. Vector Mktg. Corp*., No. C-14-0264 EMC, 2015 WL 5188682,

15    at *11 (N.D. Cal. Sept. 4, 2015) (citation omitted), they will be addressed together.

16         As noted above, Plaintiff did not sign Defendant's Arbitration Agreement, but seeks to

17    represent a class comprised mostly of employees who did.  "The Ninth Circuit has foreclosed the

18    viability of that proposition."  *Campanelli v. Image First Healthcare Laundry Specialists, Inc*.,

19    No. 15-CV-04456-PJH, 2018 WL 6727825, at *7 (N.D. Cal. Dec. 21, 2018) (citing *Avilez v.

20    Pinkerton Gov't Servs., Inc*., 596 F. App'x 579 (9th Cir. 2015).  In *Avilez*, the named plaintiff had

21    not signed a class action waiver, yet the district court certified classes and subclasses that included

22    employees who signed class action waivers.  596 F. App'x at 579.  The Ninth Circuit held that

23    the district court abused its discretion to the extent it certified those classes, because class

24    members who signed a waiver would "have potential defenses that Avilez would be unable to

25    argue on their behalf."  *Id*.  The Ninth Circuit therefore concluded that, "[t]o the extent the classes

26    and subclasses include individuals who signed class action waivers, Avilez is not an adequate

27    representative and her claim lacks typicality."  *Id*. (internal citations omitted).

28         District courts within this Circuit have consistently relied on *Avilez* to reach a similar result.

7

1    *See, e.g., Farr,* 2021 WL 2826709, at *6–7 (concluding that the named plaintiff lacked typicality

2 and adequacy to represent a class made up of individuals who, unlike her, may be subject to the

3 mandatory arbitration agreement and class action waiver); *Heredia v. Sunrise Senior Living LLC*,

4 No. 8:18-cv-01974-JLS-JDE, 2021 WL 811856, at *2–4 (C.D. Cal. Feb. 9, 2021) (same);

5 *Andrews v. Ring LLC*, No. 5:20-CV-00889-RGK-SP, 2020 WL 6253319, at *4 (C.D. Cal. Sept.

6 17, 2020) (finding the plaintiff neither typical nor adequate where court determined he was not

7 bound to arbitrate); *Boumaiz v. Charter Commc'ns LLC*, No. 2:19-cv-06997-JLS-ADS, 2021 WL

8 2189481, at *6 (C.D. Cal. May 19, 2021) (same); *Campanelli*, 2018 WL 6727825, at *7

9 (concluding that a plaintiff who was not subject to an arbitration clause or class action waiver

10 was "not an adequate representative and his claims lack typicality with respect to putative Rule

11 23 plaintiffs who have signed [these agreements"); *Conde*, 223 F. Supp. 3d at 958–63 (granting

12 motion to deny class certification with respect to putative class members who are "possibly

13 bound" by arbitration agreements); *Tan v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2016 WL

14 4721439, at *3 (N.D. Cal. July 19, 2016) (concluding that the named plaintiff, who opted out of

15 a class action waiver, lacked adequacy and typicality because he "would be unable to credibly

16 make several procedural unconscionability arguments on behalf of unnamed class members[.]"),

17 *aff'd sub nom. Lawson v. Grubhub, Inc.*, 13 F.4th 908 (9th Cir. 2021); *Tschudy v. J.C. Penney*

18 *Corp., Inc.*, No. 11CV1011 JM (KSC), 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) (relying

19 on *Avilez* to decertify class with respect to employees who signed arbitration agreements).

20       Plaintiff counters that "the existence of the [A]rbitration [A]greement should not be a bar

21 to the Court's eventual decision on class certification," relying on *Nitsch v. Dreamworks*

22 *Animation SKG Inc.*, 315 F.R.D. 270 (N.D. Cal. 2016). (Doc. 61 at 17.) She further asserts that

23 that the Arbitration Agreement, and Plaintiff's refusal to sign it, should not defeat class

24 certification because the Arbitration Agreement "does prohibit participation in class actions filed

25 by individuals who are not party to the arbitration agreement," and, in any event, it is "void,"

26 "unconscionable," and "unenforceable." (*Id*. at 18–29.)

27       In *Nitsch*, the defendants had "argue[d] in passing in a single sentence with a citation to an

28 inapposite case that [the p]laintiffs' claims are not typical of the class because some class

1    members have arbitration or release agreements with some [of the d]efendants, and the named

2    [p]laintiffs were not party to the same agreements." *Nitsch*, 315 F.R.D. at 284.  The district court

3    rejected this argument because "'defenses that may bar recovery for some members of the

4    putative class, but that are not applicable to the class representative do not render a class

5    representative atypical under Rule 23.'"  *Id.* (quoting *Barnes v. AT & T Pension Benefit Plan–*

6    *Nonbargained Program*, 270 F.R.D. 488, 494 (N.D. Cal. 2010)).  In other words, the typicality

7    inquiry looks at whether the "'putative class representative is subject to unique defenses which

8    threaten to become the focus of the litigation'" a concern that was absent where "there may be

9    defenses unique to some class members other than the class representatives."  *Id.* (quoting *Hanon*,

10   976 F.2d at 508).  Therefore, "the fact that [the d]efendants may have affirmative defenses against

11   some absent class members does not affect the Court's typicality analysis."  *Id.*

12         The undersigned finds the analysis in *Avilez* and its progeny more persuasive, as *Nitsch* did

13   not appear to consider whether a plaintiff who is not bound by an arbitration agreement is able to

14   challenge the enforceability of that arbitration agreement.  *See Conde*, 223 F. Supp. 3d at 960

15   (distinguishing *Nitsch*).  District courts that have considered this issue, however, have uniformly

16   held that a named plaintiff who is subject to an arbitration agreement or class action waiver does

17   not have standing to challenge its applicability or enforceability.  *See, e.g., Boumaiz*, 2021 WL

18   2189481, at *7 (finding because the named plaintiff is not subject to any arbitration agreement,

19   "she lacks standing to assert defenses on behalf of putative class members who are bound by such

20   agreements."); *Heredia*, 2021 WL 811856, at *4 n.4 ("Although Plaintiffs have indicated an

21   intent to challenge the arbitration agreements on the grounds of unconscionability, the Court need

22   not reach this argument.  Plaintiffs—who have not signed these agreements—lack standing to

23   challenge their enforceability."); *Andrews*, 2020 WL 6253319, at *4 & n.1 (determining named

24   plaintiff was not bound to arbitration agreement and thus "lacked standing to challenge its

25   enforceability"), *Macedonia Distrib., Inc. v. S-L Distribution Co*., LLC, No. SACV 17-1692 JVS

26   (KESx), 2020 WL 610702, at *5 (C.D. Cal. Feb. 7, 2020) (finding named plaintiff who did not

27   sign arbitration agreements "has no standing to argue that such agreements are invalid, which

28   would be required for putative class members to succeed on their claims."); *Tan*, 2016 WL

4721439, at *6 (concluding that the named plaintiff "has no standing to challenge the applicability or enforceability of the arbitration and class action waiver provisions . . . because, in light of his decision to opt out, they do not apply to him"); *Conde*, 223 F. Supp. 3d at 960 (named plaintiffs who had not signed arbitration agreements had "no interest in the enforceability of the arbitration agreement itself and lack the ability to challenge the agreements on behalf of individuals" who did sign the agreement.)  Given that Plaintiff did not sign the Arbitration Agreement, she therefore has no standing to argue that it is inapplicable, void, unconscionable, or unenforceable.

## IV.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned concludes that Plaintiff lacks typicality and adequacy pursuant to Fed. R. Civ. P. 23 with respect to the putative class members who signed the Arbitration Agreement.[4]  Accordingly, the undersigned RECOMMENDS that the Court GRANT Defendant VF Outdoor, LLC's motion to deny class certification (Doc. 53) based on the classes as currently defined and proposed to be represented by Plaintiff Briana Valencia.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  E.D. Cal. Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**November 4, 2021**__                   _____*/s/ Sheila K. Oberto*_____
                                                          UNITED STATES MAGISTRATE JUDGE

---

[4] Having found Plaintiff cannot demonstrate typicality and adequacy, the undersigned need not address Defendant's arguments that Plaintiff also cannot satisfy commonality, predominance, or superiority under Rule 23.  *See Conde*, 223 F. Supp. 3d at 963.  *See also Farr*, 2021 WL 2826709, at *7 n.6; *Macedonia*, 2020 WL 610702, at *6 n.1.