UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANA VALENCIA, *an individual, on behalf of all persons similarly situated on behalf of the State of California, as a private attorney general, and on behalf of all aggrieved employees*,<br><br>Plaintiff,<br><br>v.<br><br>VF OUTDOOR, LLC,<br><br>Defendant. | No.  1:20-cv-01795-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION<br><br>(Doc. Nos. 53, 64) |

Plaintiff Briana Valencia brings this putative wage-and-hour class action and PAGA representative action against defendant VF Outdoor, LLC.  (Doc. No. 1-1.)  On September 3, 2021, defendant filed a motion to deny class certification.  (Doc. No. 53.)  Pursuant to 28 U.S.C. § 636(b), the pending motion was referred to a United States Magistrate Judge for the issuance of findings and recommendations.  (*See* Doc. No. 43-2 at 3.)

On November 5, 2021, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion to deny class certification (Doc. No. 53) be granted.  (Doc. No. 64.)  Specifically, the magistrate judge found that plaintiff cannot satisfy the Federal Rule of Civil Procedure 23(a) requirements of typicality and adequacy to serve as a class representative of the classes as defined and proposed in her complaint because plaintiff

1

1   did not sign an arbitration agreement that most putative class members had signed and she seeks
2   to represent classes of all employees, not just those who also refused to sign the arbitration
3   agreement.  (*Id.* at 6–10.)  Those findings and recommendations were served on all parties and
4   contained notice that any objections thereto must be filed within fourteen (14) days of service.
5   (*Id.* at 10.)  On November 19, 2021, plaintiff filed objections to the pending findings and
6   recommendations.  (Doc. No. 66.)  Defendant did not file objections to the findings and
7   recommendations, but on December 3, 2021, defendant filed a response to plaintiff's objections.
8   (Doc. No. 67.)

9         In her objections, plaintiff requests that the court "clarify" that plaintiff can "continue
10  representing" class members who did not sign the arbitration agreement.  (Doc. No. 66 at 7.)
11  Whether plaintiff can properly maintain a class action on behalf of putative class members who
12  did not sign the arbitration agreement, however, is the subject of plaintiff's motion for class
13  certification, which is currently pending before the magistrate judge.  (*See* Doc. No. 65.)  The
14  undersigned will not prejudge that motion here.

15        Plaintiff also asserts that if she identifies an employee who could serve as a named
16  plaintiff to represent subclasses for those who signed the arbitration agreement, she "should be
17  allowed to reassert class certification" on behalf of those signatories.  (*Id*. at 8.)  But, the
18  undersigned does not view the pending findings and recommendations as foreclosing that
19  possibility.  The magistrate judge observed that a request for leave to find an additional
20  representative to represent individuals who had signed the arbitration agreement was "not
21  properly before the [c]ourt," and limited the findings and recommendation to recommending
22  denial of class certification "based on the classes *as currently defined* and proposed to be
23  represented by [*p]laintiff Briana Valencia*."  (Doc. No. 64 at 6 n.3 & 10 (emphasis added)).
24        Accordingly, plaintiff's objections provide no basis upon which to reject the pending
25  findings and recommendations.
26  /////
27  /////
28  /////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on November 5, 2021 (Doc. No. 64) are adopted in full;
2. Defendant's motion to deny class certification of the classes as defined and proposed in plaintiff's complaint (Doc. No. 53) is granted; and
3. The matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **December 6, 2021**

UNITED STATES DISTRICT JUDGE