UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANA VALENCIA, an individual, on behalf of all persons similarly situated on behalf of the State of California, as a private attorney general, and on behalf of all aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>VF OUTDOOR, LLC,<br><br>Defendant. | Case No.: 1:20-cv-1795-ADA-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING MOTION TO STRIKE AND PLAINTIFF'S MOTION FOR CLASS CERTIFICATION<br><br>(Doc. Nos. 65, 74, 75, 89) |

On August 27, 2019, Plaintiff Briana Valencia filed this putative class and representative action in Alameda County Superior Court, alleging: (1) failure to pay minimum wages; (2) failure to pay overtime compensation; (3) failure to provide rest periods; (4) failure to provide meal periods; (5) failure to pay wages owed in a timely manner; (6) failure to provide accurate wage statements; (7) unfair business practices in violation of California's Unfair Compensation Law; and (8) penalties under the Private Attorney General Act. (*See* Doc. No. 1-1 at ¶¶ 71-157.) On October 28, 2019, Defendant removed the action to federal court, invoking jurisdiction under the Class Action Fairness Act. (Doc. No. 1.) Defendant then filed a motion to transfer the action to this Court, which was granted on December 17, 2020. (Doc. Nos. 31, 41).

///

1    On November 15, 2021, Plaintiff filed a motion for class certification ("Motion for Class
2 Certification"). (Doc. No. 65.) Defendant VF Outdoor, LLC filed its opposition on January 31,
3 2022. (Doc. No. 71.) On February 14, 2022, Plaintiff filed her reply, along with a motion to
4 strike five video files submitted in support of Defendant's opposition to the Motion for Class
5 Certification ("Plaintiff's Motion to Strike"). (Doc. Nos. 73 &74.) On February 22, 2022,
6 Defendant filed its opposition to Plaintiff's Motion to Strike, in addition to filing its own motion
7 to strike Plaintiff's reply in support of the Motion for Class Certification ("Defendant's Motion to
8 Strike"). (Doc. Nos. 75 & 77.) The motions were referred to a United States Magistrate Judge
9 pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. No. 43-2 at 3 & n.5.)

10   On September 23, 2022, the assigned Magistrate Judge issued findings and
11 recommendations recommending that the Motion for Class Certification (Doc. No. 65) be denied,
12 Plaintiff's Motion to Strike (Doc. No. 74) be denied, and Defendant's Motion to Strike (Doc. No.
13 75) be denied as moot. (Doc. No. 89.) The assigned Magistrate Judge granted the parties fourteen
14 (14) days from the date of service to file objections. (Doc. No. 89 at 27.) Plaintiff timely filed
15 objections. (Doc. No. 90.)

16   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
17 *de novo* review of the case, including Plaintiff's objections. Having carefully reviewed the matter,
18 the Court finds that the findings and recommendations are supported by the record and proper
19 analysis.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

...

Accordingly:

1. The findings and recommendations filed September 23, 2022 (Doc. No. 89) are ADOPTED in full;
2. Plaintiff's Motion for Class Certification (Doc. No. 65) is DENIED.
3. Plaintiff's Motion to Strike (Doc. No. 74) is DENIED; and
4. Defendant's Motion to Strike is DENIED (Doc. No. 75) as moot.

IT IS SO ORDERED.

Dated:   November 29, 2022

UNITED STATES DISTRICT JUDGE